351 So.2d 32 (1977)
ALACHUA COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
A. Curtis POWERS, Clerk of the Circuit Court of Alachua County, Florida, Appellee.
No. 51465.
Supreme Court of Florida.
October 6, 1977.
Rehearing Denied November 15, 1977.
*35 Norm La Coe, County Atty., Alachua County, Gainesville, for appellant.
Larry G. Turner, Gainesville, for appellee.
Fred W. Baggett, Tallahassee, for amicus curiae Fla. Ass'n of Court Clerks.
William J. Roberts and Wilson W. Wright, Tallahassee, for amicus curiae State Ass'n of County Com'rs.
ADKINS, Justice.
This case arose when the Clerk of the Circuit Court of Alachua County, appellee herein and referred to as the "clerk," sued the Board of County Commissioners of Alachua County, appellant herein and referred to as the "board," seeking a declaratory judgment to clarify his fiscal duties as Clerk of the County Commission. The issues presented by the clerk were to seek clarification of his duties in four capacities: as auditor, accountant, custodian, and investor of county funds. This appeal is from the final judgment.
The trial court construed provisions of the State constitution and initially and directly passed upon the validity of Chapter 71-443, Laws of Florida, a special act relating to the Clerk of the Circuit Court of Alachua County. We have jurisdiction.
The Clerk is a constitutional officer deriving his authority and responsibility from both constitutional and statutory provisions. Security Finance Company v. Gentry, 91 Fla. 1015, 109 So. 220 (1926); Article V, Section 16, Florida Constitution.
Article V, Section 16, Florida Constitution, contains the following provisions:
"There shall be in each county a clerk of the circuit court who shall be selected pursuant to the provisions of Article VIII section 1. Notwithstanding any other provision of the constitution, the duties of the clerk of the circuit court may be divided by special or general law between two officers, one serving as clerk of court and one serving as ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds."
Article VIII, Section 1(d), Florida Constitution, provides for the election of the clerk of circuit court, along with other officers, and also provides:
"When not otherwise provided by county charter or special law approved by vote of the electors, the clerk of the circuit court shall be ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds."
The trial court was correct in interpreting these two constitutional provisions as prescribing the only means of separating the clerk's judicial functions as clerk of the court from his clerk's county officer functions as auditor, accountant, custodian of county funds and official recorder. The office may be divided by special or general law pursuant to Article V, Section 16, Florida Constitution, or the clerk's county officer functions may be divided by county charter or special law approved by a vote of the electors pursuant to Article VIII, Section 1(d), Florida Constitution. In the absence of either of these two methods, the clerk must perform the dual role prescribed by constitutional mandate.
There is no applicable general law or special law approved by the electors which *36 would vary those duties in Alachua County, and the county is not governed by a county charter. Under these constitutional provisions the clerk is the ex officio clerk of the board of county commissioners, the auditor, recorder and custodian of all county funds.
We first consider the clerk's auditing responsibility. Section 129.09, Florida Statutes (1975), forbids the clerk "acting as county auditor," from signing illegal warrants and provides both personal and criminal liability for violation of this provision. The clerk, as auditor, is required by law to refuse to sign and deliver a county warrant for an unlawful expenditure, even though approved by the board of county commissioners. Mayes Printing Company v. Flowers, 154 So.2d 859 (Fla.1st DCA 1963). Although an appropriation of county funds may serve a county purpose, there must be some type of pre-audit review of the disbursement in order to be sure that the funds will not be used for an unlawful purpose.
Section 136.08, Florida Statutes (1975), provides that the accounts of the board of county commissioners and the account of any bank acting as a depository shall be subject to the inspection and examination of the "county auditor, the auditor general and the department of banking and finance or persons designated by it." Section 11.45(3)(a), Florida Statutes (Supp. 1976), provides for post-audits by the auditor general of accounts and records of "county agencies," which includes the board of county commissioners and the clerk of the circuit court. See Section 11.45(1)(e), Id, defining county agencies. All agencies have the power to have a performance audit or post-audit of their accounts and records by an independent certified public accountant retained by them and paid from their public funds. Section 11.45(3)(a), Id.
The Board, as the governing body of the county, has the power to
"Make investigations of county affairs; inquire into accounts, records, and transactions of any county department, office, or officer; and, for these purposes, require reports from any county officer or employee and the production of official records". Section 125.01(1)(s), Florida Statutes (1975).
In accomplishing this purpose the board also has the power to
"Employ an independent accounting firm to audit any funds, accounts, and financial records of the county and its agencies and governmental subdivisions. Not less than five copies of each complete audit report, with accompanying documents, shall be filed with the clerk of the circuit court and maintained there for public inspection. The clerk shall thereupon forward one complete copy of the audit report with accompanying documents to the Auditor General, who shall retain the same as a public record for ten (10) years from receipt thereof." Section 125.01(1)(x), Florida Statutes (1975).
The trial court correctly determined that the Clerk was to act as county auditor in all auditing functions except when the board employs an independent auditing firm pursuant to Section 125.01(1)(x), Florida Statutes (1975).
Sections 129.07 and 129.08, Florida Statutes (1975), expressly provide civil and criminal sanction against the members of the board of county commissioners for fiscal maladministration. The board says it should not be "blindly" dependent on the clerk for information which may be necessary for proper budget administration, approval of checks and authorization of the chairman of the board to sign such checks. The board refers to White v. Crandon, 116 Fla. 162, 156 So. 303 (1934), where this Court held that county commissioners could be personally liable for funds expended without authority of law. The board also points to Davis, et al. v. Keen, 140 Fla. 764, 192 So. 200 (1939), where the Court said that the board has the power and authority to reject payment of an unlawful account, holding that the statutes imposed a discretionary power or authority on the Board to determine whether or not a claim when presented is a just and lawful account.
*37 No one quarrels with the assertion that the responsibility for pre-auditing is shared by the board and the clerk. A duplication of official duties is not invalid when within the purview of the constitution. This Court in State ex rel. Landis v. Wheat, 103 Fla. 1, 137 So. 277 (1931), said:
"The name given a statutory officer is not material even if it is similar to a constitutional ex officio officer, if the authority conferred on the statutory officer does not conflict with the authority conferred by the Constitution on a constitutional officer. A mere duplication of official duties may not be a violation of the general intendments of the Constitution when statutory regulation of duties is authorized by the Constitution. If there is duplication of duties, no organic provision is violated. Questions of legislative policy, not of power, are involved." At 283.
While clerk has the responsibility to act as pre-auditor of county funds, the board has the right to audit its own funds and make such investigations as may be necessary before the use of any public funds. The constitutional and statutory language discussed above require that the auditing function in making such an investigation be carried out by one of three entities: pre-auditing by the clerk in his capacity as county auditor, performance audit by an independent certified public accountant (or independent accounting firm), and post-audit by the auditor general or the independent auditing firm. Section 11.45(3)(a), Florida Statutes (Supp. 1976).
The board refers to a local ordinance creating the county auditing department. Under the ordinance the auditor answers directly to the board as to fiscal matters involving departments under the board's direct supervision and control  not including constitutional officers. The county auditor is charged with the responsibility to develop accounting systems and procedures. The county auditor was established to provide a post-audit of county fiscal affairs, not including constitutional officers, as the auditor general fails to make such audits annually.
Any effort by the board in the adoption of this ordinance to create an independent county auditing department, which is not an independent auditing firm, is beyond the authority of the board. The ordinance may properly set forth the purchasing procedures for the county and may provide for audits of any agencies purely under the control of the board. The clerk has the authority and responsibility to perform the auditing functions both as an arm of the board in auditing the records of constitutional officers and as a watchdog of the board in the case of pre-auditing accounts of the board in determining legality of expenditure. The phrase "legality of expenditure" includes that the funds are spent for a public purpose, that the funds are spent in conformity with county purchasing procedures or statutory bidding procedures, that the expenditure does not overspend any account or fund of the budget as finally adopted and recorded in the office of the clerk. If the board becomes concerned, it has the authority to require a performance audit or post-audit by an independent accounting firm.
By expressed statutory provision, the clerk of the circuit court is made the "accountant" of the board and required to keep the "minutes and accounts" of the board. Sections 28.12 and 125.17, Florida Statutes (1975). The board is required by statute to keep an accurate and complete "set of books showing the amount on hand, amount received, amount expended and the balances thereof at the end of each month," for each fund carried by the board. Section 136.05, Florida Statutes (1975). We agree with the trial court that this section is satisfied by the board keeping the set of books through its clerk. This construction is in conformity with Section 136.02(2), Florida Statutes (1975), which requires each county official and board maintaining funds in a county depository to file a monthly report with the clerk of the circuit court. This statute also requires the clerk to consolidate the reports as to each bank and file the consolidated report with the department *38 of banking and finance. If the board questions the handling of the funds under the budget and is not satisfied with the audit of the clerk, an independent accounting firm may be employed. Section 125.01(1)(x), Florida Statutes (1975).
When not otherwise provided by general law, county charter or special law approved by vote of the electors, the clerk is custodian of all county funds. Article VIII, Section 1(d), Florida Constitution. The care, custody and method of disbursing county funds must be provided by general law. Article VIII, Section 1(b), Florida Constitution.
The trial court was correct in holding invalid those provisions of Chapter 71-443, Laws of Florida, Special Acts, which attempt to designate a different custodian of county funds. This special act failed to meet the requirements of both Article VIII, Section 1(b), of the Florida Constitution, requiring a general law for the care, custody and disbursing of county funds, and Article VIII, Section 1(d), which prohibits the clerk of being divested of his custodial responsibility except by "county charter or special law approved by vote of the electors".
The board contends that the language of certain statutes clearly contemplates that the county commission shall have care and control over funds on deposit in various banks.
Section 136.05, Florida Statutes (1975), reads:
"County board to keep set of books; overdrawing prohibited.  The board of county commissioners shall keep an accurate and complete set of books showing the amount on hand, amount received, amount expended and the balances thereof at the end of each month for each and every fund carried by said board, and no check or warrant shall ever be drawn in excess of the known balances to the credit of that fund as kept by the said board."
Section 136.06, Florida Statutes (1975), further provides that money drawn from a depository shall be:
"... upon a check or warrant issued by the board or officer drawing the same, said check or warrant ... shall be signed by the chairman of said board, attested by the clerk or secretary of said board . .. ."
In addition, it would appear from Section 136.02(2), Florida Statutes (1975), that the board, along with other county officials, is authorized to maintain funds in a qualified county depository. However, the statute requires county officials and the board to make a monthly report on these funds to the clerk of the circuit court who in turn is required to file a consolidated report with the Department of Banking and Finance. Where the duties of the office of circuit court clerk are divided by special law between the clerk and a county comptroller, the comptroller is responsible for the monthly reports of county funds on deposit as required by this section. See Op.Attorney Gen. 073-213. Thus, it appears that the clerk of the circuit court, in his capacity as clerk of the board, auditor, recorder and custodian of county funds is ultimately responsible for accounting for county funds on deposit.
In addition, Section 219.07, Florida Statutes (Supp. 1976), requires each officer to distribute all public money collected by him within seven working days to the officer, agency or fund entitled to receive it. Section 116.01, Florida Statutes (Supp. 1976), requires these funds to be paid into the county treasury. The clerk, pursuant to Section 218.35(2)(b), Florida Statutes (1975), is the custodian or treasurer of all county funds, therefore all public moneys are deposited into the county treasury by him. Finally, Section 116.07, Florida Statutes (1975), requires "all ... clerks of the circuit court and ex officio clerks of the boards of county commissioners ... (to) keep books of account and of record ... except such books and forms as are now otherwise provided for by law"; and Sections 28.12 and 125.17, Florida Statutes (1975), authorize the clerk to be clerk and accountant of the board of county commissioners and to keep their minutes and accounts.
*39 From the above statutory provisions it appears that the trial court correctly interpreted Section 136.05, Florida Statutes (1975), to be satisfied by the board keeping the books and accounts through its clerk, the clerk of the circuit court.
In regard to investment of county funds the court below held that Section 28.33, Florida Statutes (1975), requiring the clerk of the circuit court to invest funds in interest bearing certificates or direct obligations of the United States, "applies to all funds in the clerk's control, whether they come from fees or commissions of the office collected or fees deposited in the registry of the court ... or the operating funds of the office paid over by the county . . or all other funds held by the clerk as custodian of county funds." The trial court properly recognized that:
"This would incorporate those funds held in the general operating funds of the County except as to those funds the Clerk holds which are `Board monies' including capital accounts. The Board may by appropriate resolution, duly adopted, designate the investment place of surplus funds ... pursuant to Florida Statute 125.31... ."
In its brief the board stipulates that the trial court properly ruled that investments of surplus may be made upon approval by the county commission by adoption of an appropriate resolution. See also Op. Attorney General 075-241A which agrees with this conclusion and states that when investment of surplus county funds is specified by the county commissioners pursuant to Section 125.31, Florida Statutes (1975), the clerk is required to carry out the directives of the county commissioners in that respect.
Thus, there appears to be no conflict with the holding of the court below that the board may by appropriate resolution designate the investment place of surplus funds and the clerk is required to carry out the board's directive. In the alternative, where the board does not so designate the investment of surplus funds, these funds are to be invested by the clerk pursuant to Section 28.33, Florida Statutes (1975).
The next question concerns the responsibility for preparation of the budget for all county officers. Section 129.01(2)(a), Florida Statutes (1975), requires the budget to be "prepared, summarized, and approved by the board of county commissioners of each county". The procedural requirements are set forth in the Florida County Commissioners Manual, Section 3-39 (1972 Revision, Supplement 4, December, 1976).
"The original responsibility for the preparation of the tentative budget rests upon the county auditor, who, unless otherwise provided by county charter or special law, is also clerk of the circuit court. He first ascertains the board's proposed fiscal policies for the ensuing fiscal year as well as the officer's operating budgets as submitted to the board. He then prepares a tentative budget for each of the funds. The budget includes all estimated receipts, taxes to be levied, and balances to be brought forward. It likewise includes all estimated expenditures, reserves and balances to be carried over at the end of the year. By July 15 the clerk must complete the tentative budget and present it to the board." At 507.
The Manual cites Article VIII, Section 1(d), Florida Constitution (1968), Sections 125.01(1)(v) and 129.03(2), Florida Statutes.
Section 2-28, Manual of Duties and Procedures for Court Clerks (December, 1976), sets forth the following procedure:
"On or before July 15 of each year the clerk as county auditor, after ascertaining the proposed fiscal policies of the board for the ensuing fiscal year, must prepare and present to the board a tentative budget for each of the funds established through the budget system. The budget shall include all estimated receipts, taxes to be levied, and balances expected to be brought forward, and all estimated expenditures, reserves and balances to be carried over at the end of the year.
"The board of county commissioners must then examine the tentative budget for each fund and require that any necessary changes be made. The county auditor's *40 estimates of receipts other than taxes, and of balances to be brought forward, cannot be revised except by a resolution of the board, duly passed and appearing in the minutes of the board.
"The remaining steps in the preparation and adoption of the budget require the board to prepare a statement summarizing the tentative budgets. The board must then advertise the summary statement according to procedure set forth in the statute, hold a meeting on the fixed day for hearing requests and complaints from the public, make whatever revisions are necessary, adopt the budget, and file the tentative budget in the office of the county auditor as a public record." At 69.
The Manual cites as authority Section 129.03 (1975).
There is no conflict in the procedures set forth in the two Manuals. However, the county administrator, when appointed, is given the power and duty to submit to the board of county commissioners for its consideration and adoption, "An annual operating budget, a capital budget, and a capital program." Section 125.74(1)(d), Florida Statutes (1975). Statutes which relate to the same or a closely related subject or object are regarded as in pari materia and should be construed together and compared with each other. Markham v. Blount, 175 So.2d 526 (Fla. 1965). The Court, in construing similar statutes, should preserve the force of both without destroying their evident intent. City of St. Petersburg v. Pinellas County Power Company, 87 Fla. 315, 100 So. 509 (1924).
The trial court found no irreconcilable repugnancy between the statutes and resolved the apparent conflict so as to preserve the force of both. The trial court correctly concluded that the clerk, as county auditor, had responsibility for the preparation of the initial budget for consideration by the board. The county administrator's responsibility for preparing the budget extends only to those departments responsible to the board and which are under the jurisdiction of the board, as Section 125.74(2), Florida Statutes (1975), provides:
"It is the intent of the legislature to grant to the county administrator only those powers and duties which are administrative or ministerial in nature and not to delegate any governmental power imbued in the board of county commissioners as the governing body of the county pursuant to [s.1(e), Art. VIII] of the state constitution. To that end, the above specifically enumerated powers are to be construed as administrative in nature, and in any exercise of governmental power the administrator shall only be performing the duty of advising the board of county commissioners in its role as the policy-setting governing body of the county."
To the extent not inconsistent with general or special law, the board of county commissioners has the authority to require every county official to submit an annual copy of his operating budget. Section 125.01(1)(v), Florida Statutes (1975). In addition, Section 218.35(4), Florida Statutes (1975), requires that the proposed budget of a county fee officer must be filed with the clerk by September 1 preceding the fiscal year of the budget. The clerk, functioning in his dual capacity as clerk of the circuit and county courts and as clerk of the board of county commissioners, prepares his budget in two parts:
"218.35 County fee officers; financial matters
(2)(a) The budget relating to the state court system, including recording, which shall be filed with the state courts administrator as well as with the board of county commissioners; and
(b) The budget relating to the requirements of the clerk as clerk of the board of county commissioners, county auditor, and custodian or treasurer of all county funds and other county-related duties."
Section 218.36, Florida Statutes (1975), provides in part:
"County officers; record and report of fees and disposition of same

*41 (2) On or before the date for filing the annual report, each county officer shall pay into the county general fund all money in excess of the sum to which he is entitled under the provisions of chapter 145. .. ."
Chapter 145, Florida Statutes (1975), provides for the annual compensation and method of payment for the several county officers named therein; i.e.: clerk of the circuit court and county comptroller (145.051); sheriff (145.071); property appraiser (145.10); tax collector (145.11).
Section 145.022, Florida Statutes (1975), provides the method by which the guaranteed salary may be established. It reads, in pertinent part:
"Guaranteed salary upon resolution of board of county commissioners
(1) Any board of county commissioners, with the concurrence of the official involved, shall by resolution guarantee and appropriate a salary to the county official, in an amount not to exceed that specified in this chapter, if all fees collected by such official are turned over to the board of county commissioners..." (Emphasis supplied.)
Section 145.131, Florida Statutes (1975), states that: "[a]fter July 1, 1969, compensation of any official whose salary is fixed by this chapter shall be the subject of general law only... ." Further, Section 145.16, Florida Statutes (1975), provides in part:
"Special laws or general laws of local application prohibited
(2) Pursuant to § 11(a)(21), Art. III of the state constitution, the legislature hereby prohibits special laws or general laws of local application pertaining to the compensation of the following county officials:
(a) Members of the board of county commissioners;
(b) Clerk of the circuit court;
(c) Sheriff;
(d) Superintendent of schools;
(e) Supervisor of elections;
(f) [Property appraiser]; and
(g) Tax collector."
Finally, Article III, Section 11(a)(1), Florida Constitution, prohibits any special law or general law of local application pertaining to the election, jurisdiction or duties of officers, except officers of chartered counties.
Absent the concurrence of the county official involved and a resolution of the board of county commissioners, the circuit court clerk (and the county comptroller in those counties where the duties of the office have been divided, or the clerk of the circuit court as auditor, recorder and custodian where the duties are not divided) operates as a fee officer in carrying out his duties as clerk of the circuit court and as a budget officer in carrying out his duties as clerk of the county court. See Op. Attorney General (072-424).
However, several of the statements of the court below regarding the submission of a budget by the clerk of the circuit court in his various functional roles were in error. In summarizing its holdings, the court below stated:
"The Clerk's budget is not subject to control of the County Board of County Commissioners except as to his court functions. The auditor, Section B, functions are not subject to control by the Board up to the total income of the Clerk's office plus that amount for his salary as permitted by 145.051 and 145.141."
We feel that the proper interpretation of the various statutes is that where the circuit court clerk (and county comptroller if the duties of the office have been divided) agree to turn over all fees collected by their office to the county commissioners they become county budget officers by resolution of the board pursuant to Section 145.022(1), Florida Statutes (1975). As county budget officer, the clerk, and not the county administrator, remains responsible for submitting the budget of his office to the board of county commissioners. It was not the intent of Chapter 145, Florida Statutes (1975), to alter the clerk's authority as a constitutional officer or to place his office under the control or jurisdiction of the board. Absent this agreement and resolution, the clerk of the circuit court remains *42 a county fee officer, responsible for establishing his own annual budget. Section 218.35(1), Florida Statutes (1975). He is required by law merely to file his proposed budget with the clerk of the county governing authority by September 1 preceding the fiscal year of the budget and to make an annual report of his finances upon the close of each fiscal year to the county fiscal officer for inclusion in the annual financial report of the county. Section 218.35(3), (4), Florida Statutes (1975).
We now consider Chapter 71-443, Laws of Florida, Special Acts. Section 1 was not ruled unconstitutional by the trial court as it ties into Section 145.022, Florida Statutes, authorizing the board to appropriate an annual salary to the clerk with the concurrence of the county official involved, "if all fees collected by such official are turned over to the board of county commissioners." This section provides that the clerk shall receive as his sole compensation for the performance of his official duties the annual salary provided by general law, in lieu of all compensation authorized by any other law relating to his office.
Section 2, Chapter 71-443, Laws of Florida, sets out the procedure to be followed by the clerk in the preparation of the budget. In view of the pre-audit function of the clerk, the trial court reasoned that it was not logical to give the board de facto control of this function by attempting to make the clerk's office subservient to the board and under the control of the board by the appropriation process. The special law does not place the clerk in this situation. In the event the board is unreasonable in reducing the clerk's budget, an appeal mechanism is provided by Section 2(e), Chapter 71-443. Under this appeal mechanism, the clerk may appeal to the department of administration with a statement of the reasons or grounds for his complaint. The trial court erred in exempting the clerk from the budget and compensation laws as to a part of his official duties, as the law contemplates that the clerk shall participate in the budget process as to all his functions. Section 2, Chapter 71-443, is constitutional.
Section 3, of Chapter 71-443, provides that the board shall retain custody of funds appropriated for the office of clerk and provides methods of disbursement and manner of handling such funds. As discussed above, the trial court correctly held that Section 3 was unconstitutional.
Section 4, of Chapter 71-443, relates to fees and commissions. Section 4(a) provides that all fees shall be paid over to the county. This is constitutional. However, Section 4(b) provides that these "fees, commissions or other funds collected by the Clerk" shall be deposited in a special trust fund to be remitted to the board once each month. As discussed above the constitution makes the clerk custodian of all funds, and Section 4(b) was correctly held by the trial court to be unconstitutional.
We now turn to the question of whether the board may adopt a uniform pay plan for all county employees. The trial court ruled that the authority of the board to adopt a pay plan for employees of the county, pursuant to Section 125.74(1)(h), Florida Statutes (1975), does not extend to the employees of the several constitutional officers. The board says that the language of the subsection prescribing a function of the county administrator,
"Recommend to the board a current position classification and pay plan for all positions in county service." (Emphasis supplied.)
requires a broader interpretation by the court. We disagree. The county administrator is responsible for the administration of only those departments of the county which the board has the authority to control. Section 125.73(1), Florida Statutes (1975).
The clerk is a county officer pursuant to Article VIII, Section 1(d), Florida Constitution and, as an officer, he is delegated a portion of the sovereign power. State v. Sheats, 78 Fla. 583, 83 So. 508, 509 (1919).
The clerk is responsible for the efficient and effective operation of his office and has the authority to appoint deputies to assist *43 him in his constitutional and statutory duties. Section 28.06, Florida Statutes (1975).
Employees of constitutional officers cannot be included in a uniform pay plan adopted by a board of county commissioners in the absence of specific statutory authorization. The present statute merely authorizes a county administrator to "recommend" to the board a uniform pay plan. There is no specific statutory authorization for the board to include the employees of other constitutional officers within a uniform pay plan for county employees. In the absence of statutory authorization the board is without power to adopt a uniform pay plan for county employees.
In summary we hold:
1. The clerk is county auditor, accountant and custodian of all funds of the county pursuant to constitutional and statutory provisions.
2. Pre-audits are conducted by the clerk in his capacity as county auditor, a performance audit may be made by an independent certified public accountant (or independent auditing firm), and post-audit may be made by the auditor general or the independent accounting firm.
3. The clerk's office may be divided by general or special law between two officers, one serving as clerk of the court and one serving as ex officio clerk of the board, auditor, recorder and custodian of all county funds, or, the duties of the clerk may be varied by county charter or special law approved by the electors of the county.
4. The clerk is responsible for submitting the initial budget proposal to the board for all constitutional county officers.
5. Sections 1, 2, and 4(a), of Chapter 71-443, Laws of Florida, are constitutional. Sections 3 and 4(b), of Chapter 71-443, Laws of Florida, are unconstitutional.
6. The clerk has investment discretion of county funds except for those surplus funds directed by resolution of the board to be invested pursuant to their directions.
7. The board is not authorized to set a uniform pay plan for employees of county constitutional officers.
The judgment of the trial judge is affirmed in part and reversed in part.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.