R. H. Hackney, Jr. Clerk Circuit Court Sarasota
QUESTION:
May the clerk of a circuit court enter into an agreement with a private corporation whereby certain employees of the clerk's office would work for the private corporation after normal working hours, retrieving information from the clerk's files?
SUMMARY:
The clerk of the circuit court is not authorized to enter into an agreement with a private corporation whereby the facilities of the clerk's office would be used by the corporation for its own benefit.
Under the proposed agreement, the clerk's office would `allow some of [its] employees to work for [the Credit Bureau of Greater St. Petersburg, Inc.] on a part-time basis after 5:00 p.m., in the civil division' of the clerk's office in order to retrieve certain information directly from the court files stored therein. The agreement provides that the credit bureau would be `responsible for the instruction and supervision' of the persons employed by the corporation and would `hold the clerk of the circuit court, the County of Sarasota and the persons hired, harmless of liability on the information developed in this process.' The information obtained would be used `to build an accurate credit report for [the credit bureau's] customers.' You inquire whether your office may properly enter into such an agreement.
This office has previously stated that the clerk of the circuit court, although a constitutional officer, possesses only such powers as have been expressly or by necessary implication granted by statute. See, e.g., AGO 078-95, concluding that, in the absence of any authorizing statute, the clerk of the circuit court was not authorized to enter into a contract for insurance as specified therein, and AGO's 077-76 and 079-70; cf. AGO 080-59. See s. 1(d), Art. VIII, State Const., providing that the clerk of the circuit court is a county officer who serves, unless otherwise provided by county charter or special law approved by vote of the electors, not only as clerk of the court but also as ex officio clerk of the board of county commissioners, county auditor, recorder, and custodian of county funds; s. 16, Art. V, State Const.; and Alachua County v. Powers, 351 So.2d 32 (Fla. 1977). See also s. 5(c), Art. II, State Const., which provides that `[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law.' And see Security Finance Co. v. Gentry, 109 So. 220, 222 (Fla. 1926), in which the Florida Supreme Court stated that `[t]he clerk's authority is entirely statutory, and his official action, to be binding upon others, must be in conformity with the statutes.' Cf. Pan American World Airways v. Gregory, 96 So.2d 669, 671 (3 D.C.A. Fla., 1957), stating that `[t]he clerk is an officer of the court whose duties are ministerial and as such he does not exercise any discretion.' Thus the clerk's powers, like those of other constitutional county officers, are limited to those which have been expressly granted or are clearly necessary to give meaning and effect to those which have been expressly granted. See Gessner v. Del-Air Corporation,17 So.2d 522 (Fla. 1944); White v. Crandon, 156 So. 303 (Fla. 1934); Harvey v. Board of Public Instruction, 133 So. 868 (Fla. 1931); and 67 C.J.S. Officers s. 190(a).
Chapter 28, F. S., sets forth with particularity the powers and duties of the clerk of the circuit court. See, e.g., s. 28.222, regarding the clerk's responsibilities as county recorder and s.28.29, which provides for the recording of orders and judgments of the court. See also s. 28.24, which provides for the service charges to be made by the clerk of the circuit court for services rendered by his office in recording documents and instruments and in performing the duties enumerated therein. I am not aware, however, of any provision in ch. 28, or any other general law, which authorizes the clerk to enter into an agreement with a private corporation, such as the one under consideration in the present inquiry, permitting his employees to work for a private business on county-owned property, making use of publicly owned records and equipment regardless of the hour. If the clerk is without the statutory authority to perform the questioned activities, and I can find none, then there is no lawful authority or basis for the clerk's office to use public property in the performance of such unofficial and unauthorized functions and operations. Nor may such a power be implied by the clerk to enable him to engage in the type of action suggested by your inquiry. Although an express power duly conferred may include the implied power to use the means to make the express power effective, such implied authority does not warrant the exercise of a substantive power not conferred. Molwin Investment Co. v. Turner, 167 So. 33
(Fla. 1933). Any implied power must be necessarily implied from a duty expressly imposed by statute, see Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975), and must be essential in order to carry out the expressly granted power or duty imposed. See AGO's 078-135, 078-77, and 073-374 and 67 C.J.S.Officers s. 192. Moreover, when there is a reasonable doubt as to the lawful existence of a particular power being exercised, the further exercise of that power should be arrested. See Edgerton v. International Co., 89 So.2d 488 (Fla. 1956), and State ex rel. Greenberg v. Florida Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974).
To retrieve records from the files of the clerk's office would necessarily involve the use of the supplies, equipment, and space of the clerk's office which have been provided by public funds.Cf. Alachua County v. Powers, 351 So.2d 32 (Fla. 1977), regarding the funding of the clerk's office, and AGO 079-107, concerning the responsibilities of the county to supply office space and necessary utilities to the clerk of the circuit court as a county officer. Such a use of public property for private purposes, not governmental purposes, is outside the clerk's statutory authority and is undertaken in a personal and individual capacity and not in his official capacity; and public employees, equipment, property, materials, and space may not be used for such purposes. Cf. s.145.121, F. S., pertaining to funds derived from the use of personnel, equipment, or space of the office of a county official, including the clerk of the circuit court, which provides that such funds shall be included in the income of the office; however, `[n]othing herein shall be construed as authorizing a county official to use his office or its personnel or property for a private purpose.'
Moreover, the State Constitution prohibits the expenditure of public money for a private purpose. Section 1, Art. VII, State Const., impliedly limits the imposition of taxes and the expenditures of tax revenues to public purposes. See, e.g., AGO's 071-28 and 073-222. Section 10, Art. VII, State Const., prohibits the state or county or any agency thereof from using, giving, or lending its taxing power or credit to aid any private interest or individual. The purpose of this constitutional provision is `to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would at most be incidentally benefitted.' Bannon v. Port of Palm Beach District, 246 So.2d 737, 741 (Fla. 1971). Cf. State v. Town of North Miami, 59 So.2d 779 (Fla. 1952), and Bailey v. City of Tampa, 111 So. 119 (Fla. 1926). There must be `some clearly identified and concrete public purpose as the primary objective and a reasonable expectation that such purpose will be accomplished . . . to justify the loan . . . [of] property to a nongovernmental entity.' O'Neill v. Burns, 198 So.2d 1, 4 (Fla. 1967). With respect to the instant inquiry, the materials, equipment, and space of the clerk's office under the proposed agreement would be used for the benefit of the private corporation. There is no concrete public purpose as the primary objective to justify the performance of such function or the use or expenditure of public funds to defray the expenses therefor.
Prepared by: Joslyn Wilson, Assistant Attorney General