Mr. John C. Randolph Attorney for Clerk of the Circuit Court Fifteenth Judicial Circuit Palm Beach County 310 Okeechobee Boulevard West Palm Beach, Florida 33402
Dear Mr. Randolph:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 WHAT INFORMATION MUST BE ENDORSED OR STAMPED ON AN INSTRUMENT BY THE CIRCUIT COURT CLERK WHEN SUCH INSTRUMENT HAS BEEN PRESENTED TO THE CLERK FOR RECORDING?
You make this request on behalf of the Clerk of the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County, Florida. The clerk of circuit court is an elected county officer and, unless provided otherwise by county charter or special law approved by vote of the electors, is the ex officio clerk of the board of county commissioners, county auditor, county recorder and custodian of county funds, whose powers and duties in any of his several capacities are fixed by law. See, s. 5(c), Art. II, and s. 1(d), Art. VIII, State Const.; see also, s. 16, Art. V, State Const., and Alachua County v. Powers, 351 So.2d 32, 35 (Fla. 1977). The duties and responsibilities of the clerk of circuit court are generally set forth in Ch. 28, F.S. (1986 Supp.).
Insofar as pertinent to your question, the clerk is functioning in his ex officio capacity as county recorder. Section 28.222(1), F.S., states that the clerk of the circuit court "shall be the recorder of all instruments that he may be required or authorized by law to record in the county where he is clerk." Pursuant to s.28.13, F.S., the clerk of the circuit court is required to keep all papers which are filed in his or her office "arranged in appropriate files (endorsing upon each the time when the same was filed). . . ."
The clerk of the circuit court must compare the originals of deeds and other written instruments to be recorded with "the record of same as made by them (the clerks) on the record books under their charge, in order that any errors committed in such record may be corrected. . . ." After a comparison and correction of the record, the officer is to endorse upon the original document the words "Record verified" and sign his or her name thereto. Section 28.17, F.S. And see, AGO 73-135 stating that where some form of facsimile signature is used to satisfy the requirements of s. 28.17, F.S., it would be advisable to authenticate the facsimile signature with the manual signature of the duly authorized deputy who actually does the verification. Cf., s. 28.19(1), F.S., which states that the service charges for recording any written instrument which is entitled to be recorded in Florida shall not be payable to the recording officer until he or she has verified the record and endorsed the original instrument as provided in s. 28.17, F.S.
Subsection (2) of s. 28.222, F.S., provides that the clerk shall record all instruments in one general series of books designated as the "Official Records." Cf., AGO 86-52 concluding that the clerk of the circuit court is not authorized by law to maintain a separate "felony judgment" book as part of the Official Records. The clerk is required to maintain a register in which he or she shall enter, at the time of filing, the filing number of each instrument filed, the date and hour of filing, the kind of instrument, and the names of the parties to the instrument. Further, the clerk shall maintain a direct and inverse general alphabetical index of all instruments filed for record. Section28.222(2), F.S. And see, s. 28.222(3), F.S., which sets forth the kinds of instruments which the clerk shall record; s. 28.223, F.S., which provides for the recording of probate records; and s.28.29, F.S., regarding the recording of orders and judgments. Cf., s. 696.05, F.S., authorizing the clerk to record instruments filed for record by photographic process including miniature photographic, microfilming or microphotographic processes or any other similar process which may be recommended by the clerk and approved by the board of county commissioners.
In addition to the provisions of Ch. 28, F.S., s. 695.11, F.S., requires that:
 All instruments which are authorized or required to be recorded in the office of the clerk of the circuit court of any county in the State of Florida, and which are to be recorded in the "Official Records" as provided for under s. 28.222, . . . shall be deemed to have been officially accepted by the said officer, and officially recorded, at the time he affixed thereon the consecutive official register numbers required under s. 28.222, and at such time shall be notice to all persons. The sequence of such official numbers shall determine the priority of recordation. An instrument bearing the lower number in the then current series of numbers shall have priority over any instrument bearing a higher number in the same series.
As was noted in AGO 73-135, when ss. 28.222 and 695.11, F.S., are read together it becomes apparent that the filing number should be endorsed on each document which is filed for recording. That opinion recognized that neither of these statutes expressly requires that the date and time of filing be endorsed on the instrument but that, as a practical matter, this must be done to enable the clerk to enter this information in the register for the Official Records, as required by s. 28.222, F.S. Otherwise, the clerk must make such entries into the register at the time the document is presented for filing. Attorney General Opinion 73-135 states that since there is no statutory requirement that the date and time of filing be endorsed on a document filed for record, "there appears to be no obstacle to the use of a mechanical date-time stamp" should a clerk choose to use one. Further, as is noted in AGO 73-135, if a facsimile signature is used to satisfy the requirements of s. 28.17, F.S., it may be appropriate to authenticate the facsimile signature with the manual signature of the duly authorized deputy who actually performs the verification.
Therefore, it is my opinion that the information which must be endorsed or stamped on an instrument to be recorded by the clerk of the circuit court are the official registration number of the instrument, the date and time of filing, the words "Record verified," and the manual signature of the authorized official who personally verified the proper recording of the instrument.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General