Ms. Lillie Mae Greene Deputy Clerk Taylor County 208 Third Street Perry, Florida 32347
Dear Ms. Greene:
You ask substantially the following question:
 May a deputy clerk of the circuit court simultaneously serve as a county commissioner without violating the dual officeholding prohibition in s. 5(a), Art. II, State Const.?
In sum, I am of the opinion that:
 Where the deputy clerk of the circuit court is not authorized to exercise the clerk's powers in his absence and serves only as an employee of that office, the deputy clerk is not an officer within the purview of the dual officeholding prohibition in s. 5(a), Art. II, State Const. However, inasmuch as the board of county commissioners exercises budgetary control over the clerk of the circuit court as a budget officer, an individual holding the positions of deputy clerk and county commissioner at the same time violates the common law rule of incompatibility and may not, therefore, serve in both capacities simultaneously.
You state that you are an employee of the clerk of the circuit court and that all employees within the clerk's office are referred to as deputy clerks. You further state that you are not authorized to exercise the duties of the clerk in his absence. Since you recently have been elected to the board of county commissioners, a question has arisen as to whether you may simultaneously serve as deputy clerk and as county commissioner in light of the constitutional prohibition against dual officeholding.
Section 5(a), Art. II, State Const., prohibits a person from holding at the same time more than one "office" under the government of the state, counties and municipalities.[1] While s. 5(a), Art. II, supra, does not define the terms "office" or "officer," The Supreme Court of Florida has stated:
 The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office. . . .[2]
It is, therefore, the nature of the powers and duties exercised by a particular position which determines whether it is an "office" or an "employment."[3] This office has, for example, previously concluded that an assistant state attorney and a deputy tax assessor were not "officers" for purposes of the dual officeholding prohibition.[4] The conclusions reached in those opinions were in accord with the general rule that the constitutional prohibition against dual officeholding does not apply to those persons who are not invested with official powers in their own right but merely exercise certain powers as agents of government officers.
Although designated as a "deputy clerk of the circuit court," it appears that you perform largely the ministerial duties of an assistant to the clerk of the circuit court rather than the substitute functions of a true deputy.[5] I am, therefore, of the opinion that your position as deputy clerk constitutes an employment rather than an office for purposes of s. 5(a), Art. II, State Const. Accordingly, there would not be a violation of the dual officeholding prohibition by your serving as county commissioner and deputy clerk simultaneously.
However, while s. 5(a), Art. II, State Const., may not be applicable, there are certain common law rules still in existence in this state which prohibit an officer from holding two incompatible offices at the same time. The purpose of the common law rule of incompatibility is to assure not only the actuality of undivided loyalty but also the appearance thereof.[6]
The issue is whether occupancy of both positions by the same person is detrimental to the public interest or whether the performance of the duties of one interferes with the performance of those of the other. A conflict exists where one office is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one has the power to appoint or remove or set the salary of the other.[7] A conflict also exists when the duties of the positions clash, inviting the incumbent to prefer one obligation over the other.
Thus, this office concluded in AGO 70-46 that where the city commission was authorized to investigate at any time the conduct of any city officer or employee and to set the number and compensation of all city employees not specifically provided for in the city charter, the powers and duties of a city commissioner were incompatible with his employment as a city fireman under the common law definition of incompatibility. Accordingly, the city commissioner could not legally be employed as a fireman in the city fire department.
As one court has stated:
 Incompatibility exists "where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another." . . . If the duties of the two offices are such that when "placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible."[8]
As a constitutional county officer, the clerk is responsible for the efficient and effective operation of his office and the appointment of his deputies to assist him in carrying out his constitutional and statutory duties.[9] However, this office has been advised that the clerk of the circuit court for Taylor County operates as a budget officer. Therefore, he is responsible for submitting his budget to the board of county commissioners for review and approval.[10]
In light of the budgetary control exercised by the board over the clerk's office, there may be instances where the respective positions of deputy clerk and county commissioner conflict. Inasmuch as it appears that the two positions may be incompatible, it is my opinion that an individual may not serve in both capacities simultaneously.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 5(a), Art. II, State Const., states in part that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers."
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[3] Clearly a county commissioner, as a member of the legislative and governing body of a county is an "officer" for purposes of s. 5(a), Art. II, State Const. See, s. 125.01(1), F.S.
[4] See, AGO's 71-263 and 74-73, respectively.
[5] See, AGO 74-73.
[6] See, 67 C.J.S. Officers s. 27a.
[7] See, AGO 75-60, concluding that an appointment by a board of county commissioners of one of its own members as a member of that county's industrial development authority would violate the common law rule of incompatibility. Accord, AGO 76-92 (positions of mayor and town marshal incompatible since mayor empowered to appoint and direct town marshal).
[8] Gryzik v. State, 380 So.2d 1102, 1104 (1 D.C.A.Fla., 1980), petition for review denied, 388 So.2d 1113 (Fla. 1980).
[9] See, Alachua County v. Powers, 351 So.2d 32 (Fla. 1977), in which the Court discussed the powers of the clerk of the circuit court and concluded that in the absence of specific statutory authorization, the board of county commissioners could not set a uniform pay plan for employees of county constitutional officers.
[10] See, s. 129.03(3)(a), F.S., which provides in part that "[t]he board of county commissioners shall receive and examine the tentative budget for each fund and . . . shall require such changes to be made as it shall deem necessary; provided the budget shall remain in balance."