The Honorable Mary Anne Morse Clerk of the Circuit Court Seminole County Post Office Drawer C Sanford, Florida 32772-0659
Dear Ms. Morse:
You ask substantially the following question:
Must the clerk of court enter into the Official Records that portion of the record of marriage designated by the Bureau of Vital Statistics to not be recorded?
In sum:
The clerk of court is authorized to record only that portion of the record of marriage constituting a marriage license. Consistent with the legislative mandate that social security numbers be released only by the Bureau of Vital Statistics to the Department of Revenue for child support enforcement purposes, and the lack of statutory authority to record information collected only for statistical purposes, the clerk may not record the portion of the record of marriage containing each applicant's social security number, race and marital history.
You have provided a copy of a form entitled "Marriage Record" prescribed by the Department of Health, Bureau of Vital Statistics, for registering marriages in this state.[1] The form contains four categories: application to marry; license to marry; certificate of marriage; and a fourth part for use by Vital Statistics requesting each applicant's social security number, race, and history of the most recent marriage (if applicable). The fourth part specifically states that this information is for use by Vital Statistics only and is not to be recorded.[2]
This office has been informed that the "Marriage Record" form containing these multiple portions is considered by the clerks of court to be the marriage license. In carrying out your duty to record documents in the Official Records, however, you question whether you must record the entire "Marriage Record" or abide by the directive of Vital Statistics to not record the fourth part.
Section 741.01(1), Florida Statutes, states that every marriage license must be issued by a county court judge or the clerk of the circuit court upon application for the license if there appears to be no impediment to the marriage. The judge or clerk, however, may not issue a marriage license until both parties to a marriage execute and file with the clerk an affidavit in writing providing the social security numbers of each party and reciting their true ages.[3] The statute requiring this information states that social security numbers are required pursuant to the federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996, but restricts the release of social security numbers for the purpose of administration of the Title IV-D program for child support enforcement.[4]
The county court judge or the clerk of circuit court is directed to
"keep in good and substantially bound books a correct record of all marriage licenses issued, with the names of the parties and the date of issuing, and upon the return of the license and certificate shall enter therein the name of the person solemnizing the marriage and the date of marriage and of the return."[5]
The clerk of court is designated as the recorder of all instruments that he or she is required or authorized by law to record.[6] Section 28.24(28), Florida Statutes, prescribes a $20 charge to be collected by the clerk of court "[u]pon receipt of an application for a marriage license, for preparing and administering of oath; issuing, sealing, and recording of themarriage license; and providing a certified copy." (e.s.)
The form you have provided to this office appears to elicit all of the statutorily required information from persons who wish to enter into a marriage and contains areas in which the required acknowledgments may be executed and seals may be affixed. That portion requesting the social security number, race, and marital history of each applicant, however, is not recognized in Chapter 741, Florida Statutes, as an official part of the marriage license. While the social security numbers of applicants are statutorily required in order to obtain a marriage license, placement of such information in this fourth portion would appear to facilitate the clear legislative mandate that social security numbers only be used for child support enforcement purposes.
It has been the position of this office that the clerk of court is a ministerial officer whose authority and responsibility are derived from both constitutional and statutory provisions.[7]
Clearly, the clerk of court, upon acceptance of the prescribed fee, is authorized to receive the application for the marriage license, administer the oath, and issue, seal and record the marriage license in the Official Records of the county. Further, the clerk of court is responsible for maintaining such records open to the public. There is no statutory authority, however, for the clerk to record in the Official Records the social security numbers and that part of the Marriage Record containing information collected by the Bureau of Vital Statistics for statistical purposes, in that such information is not contemplated by Chapter 741, Florida Statutes, as part of the marriage license.
This office recognizes the unique nature of the Official Records that are maintained by the clerk, in that the instruments contained therein must be a true and accurate reflection of the document that was recorded. The public relies upon the clerk's strict compliance with the statutory requirements for recording instruments and maintaining a general alphabetical index of all instruments filed for record.[8] The clerk may not alter, forge, deface, or falsify any document or instrument recorded.[9]
Moreover, section 119.07(1)(a), Florida Statutes, requires every person who has custody of a public record to permit it to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian, and directs the custodian to furnish a copy of the record upon payment of the fee prescribed by law or, in the absence of a prescribed fee, the actual cost of duplication.
Official Records are a part of the public record.[10] While there is a great public interest in providing unencumbered access to the Official Records, the Legislature has recognized several exemptions for certain information contained in public records that may affect public access to portions of records filed in the Official Records.[11] However, with the exception of the social security number elicited pursuant to section 741.04, Florida Statutes, no such exemption is apparent for the remaining information in that portion of the marriage record sought to be excluded by Vital Statistics.[12] Where the Legislature has provided no exemption for information contained in a public record, this office has no authority to create one.[13] Thus, to the extent the clerk must maintain a public record of the information collected by Vital Statistics, such information must be open.
Accordingly, it is my opinion that the clerk of court is authorized to record only that portion of the record of marriage constituting a marriage license. However, consistent with the legislative mandate that social security numbers be released only by the Bureau of Vital Statistics to the Department of Revenue for child support enforcement, and the lack of statutory authority to record information collected only for statistical purposes, the clerk may not record the portion of the record of marriage containing each applicant's social security number, race and marital history.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Department of Health Form 743, April 1998.
[2] Section 382.003(7), Fla. Stat., authorizes the Department of Health to "[a]pprove all forms used in registering, recording, certifying, and preserving vital records, or in otherwise carrying out the purposes of this chapter, and no other forms shall be used other than those approved by the department." Section 382.002(13), Fla. Stat., defines "Vital records" to mean "certificates or reports of birth, death, fetal death, marriage, dissolution of marriage, name change filed pursuant to s. 68.07, and data related thereto."
[3] Section 741.04, Fla. Stat.
[4] Id.
[5] Section 741.09, Fla. Stat. Cf., s. 28.222(2), Fla. Stat., stating in part that "[t]he clerk of the circuit court shall record all instruments in one general series of books called `Official Records.'"
[6] Section 28.222(1), Fla. Stat.
[7] See, Ops. Att'y Gen. Fla. 79-70 (1979); 86-38 (1986); and 97-67 (1997). See also, Alachua County v. Powers, 351 So.2d 32,35 (Fla. 1977).
[8] Section 28.222(2), Fla. Stat.
[9] Section 839.13(1), Fla. Stat. Cf., Op. Att'y Gen. Fla. 84-81 (1984) (custodian of record containing both exempt and nonexempt material may comply with the Public Records Law by any reasonable method which maintains and does not destroy the exempted portion, while allowing public inspection of the nonexempt portion).
[10] Section 28.001(1), Fla. Stat., defines "Official records" as "each instrument that the clerk of circuit court is required or authorized to record in the series of books called `Official Records' as provided for in s. 28.222." Section 28.001(2), Fla. Stat., states that "Public records" has the same meaning as in s.119.011, Fla. Stat., and specifically includes "each official record."
[11] See, e.g., s. 119.07(3)(i)1., Fla. Stat., making the home address, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel held by a custodian who is not the officer's employer confidential when the officer submits a written request to do so; and s.28.222(3)(g), Fla. Stat., authorizing the recording of certified copies of death certificates which exclude the information relating the cause of death in all death certificates and the parentage, marital status, and medical information included in all fetal death certificates.
[12] Cf., Inf. Op. Att'y Gen. to Mr. Patrick F. McCormack, St. Johns Assistant County Attorney, dated May 13, 1997 (agency must cite to specific statutory exemption in order to keep social security number confidential).
[13] Cf., s. 28.222(3)(g), Fla. Stat.