Mr. Gary E. Eckstine Flagler County Attorney 1200 East Moody Boulevard, #11 Bunnell, Florida 32110
Dear Mr. Eckstine:
On behalf of the Flagler County Commission and the Clerk of Circuit Court, you ask substantially the following questions:
1. Is the clerk of court in a non-charter county authorized to pay county bills without prior approval of each specific bill by the county commission?
2. If not, may the county commission delegate the authority to pay county bills to the clerk of court without prior approval of the commission for each bill?
In sum:
1. The county commission must make a determination that an expenditure serves a county purpose prior to the clerk of court issuing a warrant for payment.
2. The initial determination of whether an expenditure serves a county purpose may not be delegated to the clerk of court. However, once the county commission finds that an expenditure serves a county purpose, for example, by entering into an agreement for the purchase of goods or services, and the clerk of court determines that the expenditure is not illegal, the clerk may issue a warrant without further action by the commission.
Question One
The clerk of the circuit court is a constitutional county officer.[1] Section 125.17, Florida Statutes, makes the clerk of circuit court the "clerk and accountant of the board of county commissioners."[2] Pursuant to this section, the clerk for the commission "shall keep their minutes and accounts, and perform such other duties as their clerk as the board may direct." When not otherwise provided by county charter or special law approved by vote of the electors, the clerk also serves as the "ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds."[3]
You have not directed my attention to, nor does there appear to be, any special law approved by the electors that would vary the clerk's duties in Flagler County, and the county is not governed by a county charter. Under the applicable constitutional provisions, therefore, the Clerk of Circuit Court in Flagler County is the ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds.
As the ex officio auditor of county funds, the clerk is authorized to refuse to sign and deliver county warrants for payment of an illegal contract.[4] Furthermore, the clerk is both personally and criminally liable for signing illegal warrants.[5]
The authority to refuse to sign illegal warrants and the attendant liability imposed upon the clerk should an illegal warrant be signed, however, does not necessarily include the power to sign warrants absent prior approval by the board of county commissioners. The clerk of court is a ministerial officer whose authority and responsibility are derived from both constitutional and statutory provisions.[6] Accordingly, absent some constitutional or statutory authority, the clerk of court may not sign warrants without approval of the board of county commissioners.
Section 129.08, Florida Statutes, provides:
"Each member of the board of county commissioners who knowingly and willfully votes to incur an indebtedness against the county in excess of the expenditure allowed by law or county ordinance, or to pay an illegal charge against the county, or to pay any claimagainst the county not authorized by law or county ordinance shall be guilty of malfeasance in office and subject to suspension and removal from office as now provided by law, and shall be guilty of a misdemeanor, and shall upon conviction be punished by a fine of not less than $100 nor more than $500 or by imprisonment in the county jail for not more than 6 months, for each offense." (emphasis added)
This language suggests that the board of county commissioners is responsible for approving the payment of any claim against the county prior to its being presented to the clerk of court for payment. The clerk may refuse to pay an illegal warrant, even though it has been approved by the board of county commissioners.[7] As the court in Alachua County v. Powers noted, the clerk performs "some type of pre-audit review of the disbursement in order to be sure that the funds will not be used for an unlawful purpose."[8]
Section 136.06(1), Florida Statutes, requires that all county funds drawn from any qualified depository
"be upon a check or warrant issued by the board or officer drawing the same, said check or warrant, both as to number and amount, person to whom drawn and purpose for which drawn shall be recordedin the minutes of the board having ordered the same drawn. . . ." (emphasis supplied)
Thus, the statutory scheme contemplates that the board of county commissioners initially order the payment of a warrant, prior to the clerk's pre-audit determination of whether the payment is for a legal purpose. Accordingly, it is my opinion that the clerk of court in a non-charter county is not authorized to pay county bills that have not been previously approved for payment by the county commission.
Question Two
This office has previously recognized the general proposition that a public officer may not delegate his or her discretionary powers, except as prescribed by statute.[9] Thus, the authority of the county commission to delegate its authority to approve the payment of county bills depends upon whether such power is discretionary (governmental) or ministerial (operational). Duties involving the exercise of independent judgment and discretion are governmental, and may not be delegated absent statutory authority.[10] Those that do not require the exercise of independent governmental discretion, judgment or authority are considered ministerial and may be delegated.[11]
The Florida Constitution gives non-charter counties "such power of self-government as is provided by general or special law."[12]
Section 125.01(1), Florida Statutes, implements this constitutional grant of power, stating that "(t)he legislative and governing body of a county shall have the power to carry on county government." In enumerating the powers that are included, the Legislature has stated that a county has the power to "(p)erform any other acts not inconsistent with law, which acts are in the common interest of the people of the county, and exercise all powers and privileges not specifically prohibited by law."[13]
County funds, therefore, must be expended for a county purpose.[14] That determination involves the exercise of the county commission's independent judgment and must be made by that body.
In this instance, there is a distinction between the county commission's determination that an expenditure serves a county purpose and the pre-auditing approval exercised by the clerk before signing the warrant for payment. There is nothing in Florida law that allows the clerk's pre-auditing function to supplant the commission's duty to make a legislative finding that expenditures of county funds are for a county purpose. Clearly, as set forth above, the clerk's function operates as a check or balance on the exercise of the commission's power to expend county funds. To attempt a delegation of such power to the clerk would disrupt the legislatively created system that ensures that county funds will only be expended for a county purpose.
It would seem redundant, however, for the county commission to make an initial determination that an expenditure serves a county purpose, then to re-evaluate the expenditure when a bill is presented to the county for payment by the clerk. In Attorney General Opinion 70-134, this office was asked whether a clerk of court could rely upon an ordinance authorizing the disbursement of funds in determining whether an expenditure was legal. The opinion cited to an earlier opinion, Attorney General Opinion 58-236, stating the well-settled duty of the clerk of court as ex officio auditor of county funds:
"The auditing function of the clerk includes more than the arithmetical determination as to the amount of the claim being presented for payment and the clerk has a duty to determine the legality of an expenditure before dispensing public funds. When an examination by the clerk as auditor of a particular claim presented for payment leads him to believe that the expenditure is not authorized by law, or is otherwise illegal, the clerk may properly withhold his approval of payment. This action by the clerk is in accord with the apparent purpose of the constitutional provision, making the clerk of the circuit court ex officio auditor of the county, which is to provide a check and balancesystem that insures proper expenditure of public funds." (Emphasis supplied.)
This office concluded that absent clear unreasonableness or an obvious abuse of discretion by the county's governing body in enacting the ordinance, the clerk could rely upon the ordinance as a legislative declaration that a county purpose was served. In accordance with the rationale underlying the conclusion in Attorney General Opinion 70-134, a clerk of court should be able to rely upon a county commission's determination that an expenditure fulfills a county purpose when it has obligated the county through a contract or agreement.
In practical terms, when the goods or services secured by the county commission have been delivered or performed and the vendor seeks payment, there would be no need for the commission to make another determination that it serves a county purpose to issue a warrant for payment. At that point, the issuance of a warrant, once the clerk of court makes a determination that the expenditure is not illegal, would appear to be a ministerial act requiring no further action by the board of county commissioners.
Accordingly, the county commission may not delegate its governmental duty to make a determination that an expenditure serves a county purpose. However, once such a determination has been made and the clerk of court finds that the expenditure is not illegal, the clerk may issue a warrant without further action by the commission.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Art. VIII, s. 1(d), Fla. Const. 
[2] See also, s. 28.12, Fla. Stat., stating:
"The clerk of the circuit court shall be clerk and accountant of the board of county commissioners. He or she shall keep the minutes and accounts and perform such other duties as provided by law. The clerk shall have custody of the seal and affix the same to any paper or instrument as required by law."
[3] See, Art. VIII, s. 1(d), Fla. Const. And see, Art. V, s. 16, Fla. Const., which provides:
"There shall be in each county a clerk of the circuit court who shall be selected pursuant to the provisions of Article VIII section 1. Notwithstanding any other provision of the constitution, the duties of the clerk of the circuit court may be divided by special or general law between two officers, one serving as clerk of court and one serving as ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds."
See, Alachua County v. Powers, 351 So.2d 32 (Fla. 1977), recognizing that the clerk's judicial functions may be separated from his or her county officer functions as auditor, accountant, custodian of county funds and official recorder.
[4] Mayes Printing Company v. Flowers, 154 So.2d 859 (Fla. 1st DCA 1963). And see, Alachua County v. Powers, supra, n. 3 at 36 (clerk forbidden to sign illegal warrants).
[5] See, Ops. Att'y Gen. Fla. 79-70 (1979); 86-38 (1986); and 97-67 (1997). See also, Alachua County v. Powers, supra, n. 3 at 36.
[6] See, s. 129.09, Fla. Stat., providing:
"Any clerk of the circuit court, acting as county auditor, who shall sign any warrant for the payment of any claim or bill or indebtedness against any county funds in excess of the expenditure allowed by law, or county ordinance, or to pay any illegal charge against the county, or to pay any claim against the county not authorized by law, or county ordinance, shall be personally liable for such amount, and if he or she shall sign such warrant willfully and knowingly he or she shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s.775.083."
[7] See, Mayes Printing Company, supra, n. 4.
[8] 351 So.2d at 36.
[9] See, Op. Att'y Gen. Fla. 88-61 (1988), citing Op. Att'y Gen. Fla. 74-116 (1974) and 67 C.J.S. Officers s. 194). See also, Statev. Inter-American Center Authority, 84 So.2d 9 (Fla. 1955), recognizing that absent statutory authority, public officer cannot delegate powers, even with court approval.
[10] See, Inter-American Center Authority, supra, n. 9 at 14.
[11] See, Blitch v. Buchanan, 131 So. 151, 154 (Fla. 1930).
[12] Article VIII, s. 1(f), Fla. Const. 
[13] Section 125.01(1)(w), Fla. Stat. And see, s. 125.01(3)(b), Fla. Stat., stating:
"The provisions of this section shall be liberally construed in order to effectively carry out the purpose of this section and to secure for the counties the broad exercise of home rule powers authorized by the State Constitution."
See also, Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978) (s.125.01(1), Fla. Stat., grants governing body of a county the full power to carry on county government; unless Legislature has pre-empted a particular subject relating to county government by either general or special law, the county governing body has full authority to act through the exercise of its home rule powers).
[14] See, Art. VII, s. 10, Fla. Const., requiring that public funds be used for public purposes.