Mr. Ronald Brown Attorney for the St. Johns County Clerk of the Court 66 Cuna Street, Suite A St. Augustine, Florida 32084
Dear Mr. Brown:
You ask, on behalf of the St. Johns County Clerk, substantially the following question:
May the county use the building permit and inspection fees imposed pursuant to section 125.56, Florida Statutes, to either rent or construct a building that would house the county's building department?
The clerk asks this question in his capacity as "clerk and accountant of the board of county commissioners,"[1] and as the "ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds."[2]
Section 125.56(1), Florida Statutes, authorizes the board of county commissioners of each of the several counties of the state to enforce the Florida Building Code and the Florida Fire Prevention Code. Subsection (2) of the statute provides that a board of county commissioners "may provide a schedule of reasonable inspection fees in order to defer the costs of inspection and enforcement of the provisions of this act, and of the Florida Building Code and the Florida Fire Prevention Code."[3]
You are aware of this office's opinion in Attorney General Opinion 01-63, in which this office considered a municipality's authority to expend its building inspection funds. The limitation on the inspection fees for counties in section 125.56(2), Florida Statutes, is substantially similar to that contained in section 166.222, Florida Statutes.[4] This office was asked whether the city could use building permit and inspection fees imposed pursuant to section 166.222, to construct a building that would in part house the city's building and zoning department. This office concluded that the construction of a municipal building that would house the city's building department as well as other facilities would not appear to be a cost incurred to inspect and enforce the provisions of its building code and thus was permissible.
Unlike Attorney General Opinion 01-63, however, your inquiry concerns the use of building and permit fees for the construction of a building, or that portion of the building, that would only house the county's building department, or the rental of space to house that department. The fees would not be used for the construction of space for other county agencies.
As noted above, the statute permits a county to impose inspection fees to cover the necessary reasonable costs of the enforcement of the Florida Building Code and the Florida Fire Prevention Code. The provision of space to house such activities would appear to be a reasonable cost of providing enforcement of such codes. Nothing in Florida law specifically prohibits such an allocation. The fees, however, may be used only for those expenses directly related to the enforcement of the building and fire prevention codes. Thus, for example, if the county building department is carrying out functions unrelated to enforcement of the building and fire prevention codes, the fees may not be used for such purpose and must be prorated to cover only that portion of the construction or rent directly relating to the enforcement of building and fire prevention codes.
Accordingly, I am of the opinion that the county may use the building permit and inspection fees imposed pursuant to section 125.56, Florida Statutes, to either rent or construct a building that would house the county's building department provided that such fees are used only for that portion of the construction or rental of space directly relating to activities to enforce the building and fire prevention codes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Art. VIII, s. 1(d), Fla. Const., and s. 125.17, Fla. Stat.
[2] Id. As the ex officio auditor of county funds, the clerk is authorized to refuse to sign and deliver county warrants for payment of an illegal contract. See Mayes Printing Company v. Flowers, 154 So.2d 859
(Fla. 1st DCA 1963). And see Alachua County v. Powers, 351 So.2d 32, 36
(Fla. 1977) (clerk forbidden to sign illegal warrants). Furthermore, the clerk is both personally and criminally liable for signing illegal warrants. See s. 129.09, Fla. Stat. And see Ops. Att'y Gen. Fla. 79-70 (1979); 86-38 (1986); and 97-67 (1997).
[3] And see s. 553.80(1), Fla. Stat., which provides in part:
"The governing bodies of local governments may provide a schedule of fees, as authorized by s. 125.56(2) or s. 166.222 and this section, for the enforcement of the provisions of this part [Part IV, Ch. 553, Fla. Stat., "Florida Building Codes Act."]. Such fees shall be used solely for carrying out the local government's responsibilities in enforcing the Florida Building Code."
[4] See Senate Staff Analysis and Economic Impact Statement, CS/SB 556 (enacted as Ch. 83-160, Laws of Florida), dated June 8, 1983, stating that the amendment "would allow the boards of county commissioners to set reasonable fees for building inspections and enforcement of the county building code. The same authority is provided for municipalities."