E. C. Parkhurst v. G. N. Stone and C. G. Gove.—Syllabus.

36  463
46  457

E. C. PARKHURST, PLAINTIFF IN ERROR, VS. G. N. STONE AND C. G. GOVE, DEFENDANTS IN ERROR.

1. On application to set aside defaults at law a bill of exceptions, or something tantamount thereto, exhibiting the evidence upon which the court acted is necessary; and in the absence thereof the appellate court can only consider matters appearing upon the record proper.

2. Under a default where the action is not founded upon a liquidated demand not requiring the introduction of a witness or witnesses to establish it, it is proper for the court to refer the case to a jury during term time to assess the damages.

3. A judgment entered during term is presumed to be correct in the absence of any proper showing to the contrary.

Writ of Error to the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*A. W. Cockrell & Son*, for Plaintiff in Error.

*A. M. Thrasher*, for Defendants in Error.

MABRY, C. J.:

Suit was instituted on the 5th day of November, 1890, by defendants in error against plaintiff in error to recover rent alleged to be due on a lease under seal. The making of the lease in the presence of two witnesses by the parties on the 17th day of March, 1888, is alleged, and also that the plaintiffs by the terms of the lease contracted to rent to the defendant a certain described store-room, then being constructed, for the term of three years from the date of its completion. Further, that the store-room was subsequently completed and defendant, in accordance with the terms of the contract, occupied it from April, 1888, until the first of May, 1889, and paid for said time the sum of $150 per month, the rent specified therein, but thereafter ceased to pay rent, and refuses to pay the same. The institution and pendency of a former suit for rent on the same lease from the first of May, 1889, to and including the month of February, 1890, is alleged, and the rent sued for in the present suit is from the first of March, 1890, to the first of November of the same year, being the accruals of rent subsequent to the institution of the former suit. Further, that defendant agreed in and by the lease to pay reasonable attorney fees in the event he failed to pay the rent, and plaintiffs had to collect the same by legal process, and $250 is demanded on this account. It is also further alleged that the lease was executed in Orange county, and the cause of the action accrued there. The suit here is upon the same lease that was sued on in the case of Parkhurst vs. Stone and Gove, decided at this term, and the declarations in the two cases are similar, except in the present case the amount sued for is rent accruing after the institution of the former suit, and

the lease is not referred to as being a part of the declaration, but a copy is filed therewith.

The summons *ad respondendum* was returnable to the rule day in December, 1890, and was served on the defendant the 5th of November, 1890, in Orange county. Defendant failed to appear on the return day of the process, and judgment by default was entered against him. After notice given a motion was made before the judge at chambers to open the default, and this motion was overruled.

At a term of the Circuit Court held in and for the county of Orange in the month of April, 1891, plaintiffs asked that a jury be sworn to assess the damages, and thereupon a jury was empanelled and sworn for that purpose, and after hearing evidence of the part of plaintiffs, returned a verdict in their favor, upon which judgment was duly entered. Execution subsequently issued on the judgment and certain proceedings were had thereon, but it is not necessary to refer to them in disposing of the assignments of error made here.

It is contended for the plaintiff in error that the court erred in denying the motion to set aside the default. The grounds of this motion need not be stated, nor is it necessary that any special reference be made to the affidavits relating to them and found copied into the transcript, as they can not be considered by us.

The case is here by writ of error without a bill of exceptions, and there is nothing to show that the affidavits copied by the clerk into the transcript were offered in evidence on the hearing of the motion. It is true that the affidavits have endorsed on them by the judge that they were filed before him at chambers, but

this was before the hearing of the motion, and when it was overruled, there is nothing to show that the affidavits were read in evidence or considered by the judge. We have held that in applications to set aside defaults it is necessary that there be a bill of exceptions or something tantamount thereto, exhibiting the evidence upon which the court acted, and in the absence thereof we can only consider what appears upon the record proper. Hellen & Acosta vs. Steinwender & Sellner, 28 Fla. 191, 10 South. Rep. 207; Columbia County vs. Branch, 31 Fla. 62, 12 South. Rep. 650; Myers vs. Roberts, 35 Fla. 255, 17 South. Rep. 358. In the absence of any showing to the contrary, the ruling of the judge must be sustained.

Under the default it was proper for the court to refer the case to a jury during term time to assess the damages. It was not an action founded upon a liquidated demand not requiring the introduction of a witness or witnesses to establish it, and under the statute (McClellan's Digest, p. 835, sec. 100) it was proper for the court to have the jury assess the damages. The record shows that the case, on application of plaintiff's counsel, was referred to a jury to assess damages on the default, and that after hearing evidence, argument of counsel and charge of the court, a verdict was rendered in favor of the plaintiffs.

There is no bill of exceptions, and the judgment having been rendered on the verdict of a jury during a term of the court, is presumed to be correct in the absence of any showing to the contrary.

We discover no error in the rendition of the final judgment, and it must, therefore, be affirmed. Ordered accordingly.