SECURITY FINANCE COMPANY, A CORPORATION, *Plaintiff in Error*, v. WALTER H. GENTRY, LEE E. GENTRY AND FRED SIMMS, *Defendants in Error*.

Division B.

Opinion Filed June 2, 1926.

*LeRoy V. Holsberry* and *L. V. Trueman*, for Plaintiff;

*Forsyth Caro*, for Defendants.

BUFORD, J.—This case is on writ of error to the Circuit Court of Escambia County from an order of the Circuit Judge that in effect denied a motion to set aside an affidavit of illegality of execution. The denial of the motion is in effect a final judgment in the proceedings attacking the execution from which writ of error will lie.

The declaration was in the following language:

"The Security Finance Company, by its attorneys, Leroy V. Holsberry and L. V. Trueman, sues the defendants, Walter H. Gentry and Lee E. Gentry and Fred Simms, formerly trading as Home Bakery, for that by paper writing, commonly known as a note, dated April 28, 1923, the said defendant agreed to pay J. D. Anderson ten (10) installments, one due on the 28th of each successive month thereafter, the payments being for twenty-three and 10/100 ($23.10) each, with interest thereon on all of said installments, after maturity, at the rate of ten (10) per cent per annum; and that the said note was signed by the said J. D. Anderson to the plaintiff, the Security Finance Company, and the latter was the owner thereof at and before the institution of this suit.

That the said defendants defaulted in the payments of the installments on said note becoming due on the 28th day of June, A. D. 1923, and said installments remaining unpaid for more than three (3) days after the maturity thereof, under the terms of said note the residue of said installments became due and payable forthwith; and that the said defendants having so defaulted, and all the installments of said note having become due by reason of said default, said truck was surrendered to the plaintiff, voluntarily and sold for the account of the defendants, and the amount thereof was credited first to the extinguishment of the expenses incurred in making such sale, and in carrying said indebtedness, and the residue thereof on said note, leaving a balance due on said note of One Hundred Eleven and 70/100 ($111.70) Dollars, which is more particularly shown by a statement attached hereto. A copy of said note upon which this suit is based, is attached hereto, marked 'Exhibit A.'

It further provided in said note that the makers, endors-

ers and persons thereafter becoming liable each agree to pay all costs of collection or securing, or attempting to collect or secure said note, including an attorney's fee of Fifteen ($15.00) Dollars and fifteen (15) per cent of the amount so collected or secured, whether the same be collected or secured by suit or otherwise; and that it became and was necessary for the plaintiff to place this note in the hands of the attorneys for the plaintiff, to institute this suit for the collection of said indebtedness, and by reason thereof, under the terms of said note, the defendants became and are liable for an attorney's fee of Fifteen ($15.00) Dollars and fifteen (15) per cent of the amount of said indebtedness.

Yet notwithstanding the premises, and notwithstanding the said note being long past due, the said defendants have not paid the same, nor any part thereof, though often requested so to do, whereby the plaintiff has become entitled to sue the said defendants for the principal amount of said balance due, together with interest, cost and attorney's fee, and the plaintiff claims damages in the sum of $250.00.

Wherefore it sues.

LEROY V. HOLSBERRY,
L. V. TRUEMAN,
Attorneys for Plaintiff.

"EXHIBIT A
$231.00                    Pensacola, Florida, 4/28, 1923.

"For value received, I promise to pay to the order of J. D. Anderson Two Hundred Thirty-one Dollars payable in installments as indicated in schedule, with interest on each installment after its maturity at the rate of 10% per annum.

"If any installment of this note remains unpaid for more than three days after its maturity, the entire amount unpaid shall become due and payable forthwith, at the elec-

tion of the holder of the note. This note is given covering deferred installments under conditional sales contract of even date for a motor vehicle. All makers, endorsers, and persons now or hereafter becoming parties hereto, hereby waive demand and protest, and notice of demand, non-payment and protest. And they each severally agree to pay all costs of collection or securing, or attempting to collect or secure this note, including an attorney's fee of $15.00 and 15% of the amount so collected or secured, whether the same be collected or secured by suit or otherwise. And all endorsers and sureties agree that this note, or any installment thereof, may, in whole or in part, be extended or renewed from time to time, without notice to them and without release of their liability hereon. This note is negotiable and payable at any bank.

"HOME BAKERY, W. H. ENTRY (SEAL)

"Schedule of Payments.

"23.10  One month after date.                    Paid 6/
$23.10  Two months after date.
$23.10  Three months after date.
$23.10  Four months after date.
$23.10  Five months after date.
$23.10  Six months after date
$23.10  Seven months after date.
$23.10  Eight months after date.
$23.10  Nine months after date.
$23.10  Ten months after date.

Endorsements on back:                    4c Internal
    Sold to Security Finance Co.,      Revenue Stamps can-
  Without recourse on me.        celled "4/30/23 W. H. G."
    J. D. Anderson
12/19 Paid by J. L. Burke.  Cash........$50.00
                                         103.50
                                        ────────
                                         153.50

"STATEMENT OF ACCOUNT. ..

"1923

| | | | |
|---|---|---|---|
| 10-23 | To Paid Journal advertising sale of truck .......................$ 3.60 | | |
| 12-19 | To Paid Salesman Commission.... 12.00 | | |
| 12-20 | To Paid Carrying charges on resale of truck ....................... 10.00 | | |
| 12-20 | To Paid Repairs on truck........ 17.42 | | |
| 12-26 | To Paid Earns premium on insurance ........................ 9.20 | | |
| 19-19. | By sale of truck................. | $153.50 | |
| 12-20 | To Balance credited on note...... 103.28 | | |
| | | $153.50 | $153.50 |

"Amount of purchase money remaining
unpaid at time of default.............$207.90
Interest thereon at the time of sale...... 4.90
                                          $212.80
"CREDIT—Sale of truck balance........ 103.28
                                          $109.52
"Interest on balance to date of suit...... 2.18

"Total due at time of institution of suit..$111.07

"STATE OF FLORIDA    )
COUNTY OF ESCAMBIA. )ss.

"Hunter Brown, being by me the undersigned Notary Public first duly sworn, deposes and says that he is Secretary of the Security Finance Company, a corporation, and that the above statement against Walter H. Gentry, Lee E. Gentry and Fred Simms, formerly trading as Home Bakery, is true and correct and remains unpaid.

                              HUNTER BROWN.

"Subscribed and sworn to before me on this the 7th day of April, A. D. 1924.

HERBERT PFEIFFER,
Notary Public.

My commission expires Dec. 27, 1925."
"NOTARIAL SEAL."

The following appears from the record:

"On the 5th day of May, 1924, default judgment was entered against the defendants for failure to plead, answer or demur or take other steps within the time required by law, which was recorded in Rules Judgment Docket No. 7, at page 100 of the Public Records of Escambia County, Florida, on the 4th day of May, 1924.

The record of the default judgment is in the words and figures following, to-wit:

## "RULES JUDGMENT DOCKET.

"Security Finance Company,
a corporation

vs.

"Walter H. Gentry, Lee E. Gentry
    and Fred Simms, trading as Home Bakery.

"It appearing that due and legal service by summons has been made upon the defendants and they not having filed any plea, answer or demurrer or taken other steps within the time allowed by law, a default is hereby entered against them.

JAS MACGIBBON, Clerk.
By M. L. Bell, Deputy Clerk."

On the 5th day of May, the following final judgment on the default judgment heretofore entered, was entered by the Clerk of the said Circuit Court and recorded in Rules

Judgment Docket Book No. 3, at Page No. 328 of the Public Records of Escambia County, Florida.

The record of the said judgment is in the words and figures following, to-wit:

"IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, FLORIDA.

"Security Finance Company, a
corporation, Plaintiff,

vs.

"Walter H. Gentry, Lee E. Gentry and Fred Simms, trading as Home Bakery, Defendants.

Assumpsit
Damages $250.00

"And now on this 5th day of May, A. D. 1924, comes the plaintiff by its attorney Holberry and Trueman and move for a final judgment, and produce as proof of cause of action the original note sued upon and mentioned in its declaration; and the clerk having ascertained from said proof that there is due the plaintiff for principal $111.70 and for interest $1.01 and for attorney fees $31.90; and a default having been on the 5th day of May, A. D. 1924, duly entered against the said defendant for want of plea, answer or demurrer, to the plaintiff's declaration herein filed; thereupon it is considered, ordered and adjudged by the Court that the plaintiff, the said Security Finance Company, do have and recover of and from the defendant the said Walter H. Gentry, Lee E. Gentry and Fred Sims, trading as Home Bakery, the sum of One hundred forty-four and 61/100 Dollars damages and its costs which are now here taxed at $3.76 and the plaintiffs do have execution therefor.

"Witness Jas. Macgibbon, Clerk of our said Court, at Pensacola, Florida, the day and year first above written.

JAS. MACGIBBON, Clerk,
By M. L. Bell, Deputy Clerk."

The default and judgment if valid must be in conformity with Statutory authority.

Two questions are presented to the Court: first, whether or not there was any entry of default which could constitute a basis of the entry of the judgment by the Clerk.

Section 3076, Revised General Statutes of Florida, prescribes dockets which shall be kept by the Clerk of the Circuit Court and among other things this section provides the Clerk shall keep a "Default Docket" in which shall be entered in full all defaults and final judgments by default taken in his office.

The Clerk's authority is entirely Statutory and his official action to be binding upon others must be in conformity with the Statutes. The record shows that default in this case was entered in a book designated as "Rules Judgment Docket No. 7." This does not comply with the Statutes; the Statutes require the Clerk to keep a "Default Docket" and to enter all defaults in full in such docket. Until the default has been entered in such docket the sixty (60) day period in which a defendant may move to vacate a default does not begin to run.

Aside from this, however, it appears from the face of the record the judgment was one which the Clerk was not authorized to enter. The plaintiff sued not only to recover on a promissory note but to recover expenses which occurred as follows:

"To amount paid Journal advertising sale of truck $ 3.60
Salesman commission .......................... 12.00
Carrying charges on resale of truck .............. 10.00
Repairs on truck ........ .................... 17.42
Earns premium on insurance .. ................ 9.20

$52.22

and the Clerk assumed to make an accounting between the parties as is stated in the judgment upon the plaintiff producing as proof of cause of action, the original note sued upon and mentioned in the declaration. The note upon its face is subjected to the conditions expressed in a conditional contract. The declaration and cause of action attached thereto shows this to be an action of law where testimony is necessary for the ascertainment of damages if any at all are recoverable under the allegations of the declaration. A Clerk of the Circuit Court is not authorized to enter final judgment on default in such cases. The proper practice is for such damages to be assessed by a jury. 1 Black on Judgments, Second Edition, Sec. 90891, 1st Sutherland on Damages 773; Parkhurst vs. Stone, 36 Fla. 463, 18 South. Rep. 596; Glens Falls Insurance Co. vs. Porter, 44 Fla. 568, 33 South. Rep. 473.

Such judgments when entered by a Clerk will be held void on collateral attack. Wilson vs. Sparkman, 17 Fla. 871, Einstein's Sons vs. Davidson, 35 Fla. 342, 17 South. Rep. 563; Parker vs. Dekle, 46 Fla. 452, 35 South. Rep. 4.

The order of the Circuit Court is affirmed.

Affirmed.

WHITFIELD, P. J. AND TERRELL, J., concur;

BROWN, C. J. AND ELLIS, J., concur in the opinion.