QUESTION:
Does the Clerk of the Circuit Court of Okaloosa County have a duty to act as clerk, accountant, or secretary/treasurer to the board of county commissioners of Okaloosa County when acting as the ex officio board of the county hospital system?
SUMMARY:
In the absence of statutory direction, the Clerk of the Circuit Court of Okaloosa County is not authorized or required by law to serve as the clerk, accountant, or secretary/treasurer for the governing body of the county hospital system or the county commissioners acting ex officio as the governing head of the county hospital system.
Section 2(1) of Ch. 71-789, Laws of Florida, authorized the Board of County Commissioners of Okaloosa County to establish, operate, and maintain or direct, regulate, and control the operation and maintenance of the county hospital system. Section 2(2) of Ch.71-789 authorizes the county commission to terminate and abolish the board of trustees of the hospital existing under Ch. 155, F. S. Section 1, Ch. 71-789 conferred on the board all authority and powers as provided in Ch. 155 with respect to hospitals, their establishment, construction, maintenance, and operation, and as provided in all other general laws of Florida related thereto.
Chapter 71-789, supra, does not impose any duties or responsibilities upon the clerk of court or any county official or employee of the board of county commissioners or the hospital system nor does it authorize the clerk or any county officer (other than county commissioners) or any employee of the board of county commissioners or the county hospital to act as clerk, accountant, or secretary/treasurer to the county commissioners as the ex officio governing head of the hospital system in operating the county hospital system. However, s. 155.07, F. S., provides:
 The said trustees shall within 10 days after their appointment, qualify by taking the oath of office and organize a board of hospital trustees by the election of one of their members as chairman, one as secretary and treasurer, and by the election of such other officers as they deem necessary. Such chairman shall be executive officer of the board of trustees and shall enforce and carry out all the orders of the board of trustees contained in resolutions duly adopted and entered on the minute books of the meetings of the board of trustees. He shall preside at all meetings, countersign all vouchers and warrants issued by the secretary and treasurer hereinafter provided for. In the absence of the chairman, vouchers and warrants may be countersigned by any other member of the board of trustees selected by the members of the board of trustees as chairman pro tem. The chairman shall give bond in a sum to be fixed by the board of county commissioners for the faithful performance of his duties in some reputable bonding company authorized to do business in the state, and said bond shall be made payable to the Governor of Florida and his successors in office. No member of said board of trustees shall receive any compensation for his services as such trustee; but shall be reimbursed for traveling expenses as provided in s. 112.061. (Emphasis supplied.)
Section 155.09, F. S., further states:
 The board of trustees shall elect from its members a secretary and treasurer whose duties it shall be to keep full and correct minutes of all the proceedings of the board of trustees, and keep a separate itemized account of all the expenditures and disbursements by said board of trustees. Said minutes and accounts shall be open to public inspection at any time on demand of any taxpayer in such district. The secretary and treasurer shall give bond in a sum to be fixed by the board of county commissioners for the faithful performance of his duties in some reputable bonding company authorized to do business in the state, and said bond shall be made payable to the Governor of Florida and his successors in office. (Emphasis supplied.)
Regarding the duties of the secretary and treasurer, s. 155.11, F. S., provides:
 All moneys received for such hospital shall be deposited in any bank designated by the said board of trustees, and placed to the credit of the hospital fund and can be paid out only as bills for material supplies, equipment, wages, salaries, or other items of expense, whatsoever, shall have been audited by the secretary and treasurer and approved by a majority of the members of the board of trustees in regular session. When so approved by a majority of said members, upon vouchers issued by the secretary and treasurer, warrant may be drawn for same and when countersigned by the chairman of said board of trustees shall be authenticated. Provided, it shall be unlawful to pay any money out of said hospital fund until the provisions of this section have been complied with.
While the hospital board possesses the power to make and adopt bylaws and rules and regulations for its own guidance and government of the hospital as may be deemed expedient for the economic and equitable conduct thereof, such bylaws, rules, and regulations may not be inconsistent with Ch. 155, F. S., or the ordinances of the city or town wherein the hospital is located. Section 155.10.
The circuit court clerk is required to be the clerk and accountant of the board of county commissioners and to keep its minutes and accounts and perform such other duties as its clerk as the board may direct. See s. 125.17, F. S. However, no statute imposes a duty on the clerk to perform these functions for the county commissioners when they are acting ex officio as the governing board of the county hospital and operating the same under the provisions of Ch. 155, F. S. The clerk's authority is entirely statutory, and for his official actions to be binding, they must be in conformity with the statutes. Security Finance v. Gentry,109 So. 220, 222 (Fla. 1926). The authority of public officers to proceed in a particular way or only upon specific conditions implies a duty not to proceed in any manner than that which is authorized by law. White v. Crandon, 156 So. 303, 305 (Fla. 1934). Thus, since no statute exists which imposes a duty upon or authorizes the circuit court clerk to be clerk, accountant, or secretary/treasurer for the hospital board or the county commissioners acting ex officio as the governing head of the county hospital system, said clerk is not authorized or required
to perform such functions or serve in such capacities.
Prepared by: Sharyn L. Smith Assistant Attorney General