The Honorable T.J. "Jerry" Greeson Clerk of the Circuit Court Nassau County Post Office Box 456 Fernandina Beach, Florida 32034
Dear Mr. Greeson:
You have asked substantially the following questions:
1. May the clerk hold a judicial sale pursuant to s. 45.031, F.S., without possessing the uniform affidavit of proof of publication required under s. 50.031, F.S.?
2. If so, what must the clerk of court do to assure that the notice requirements in s. 45.031, F.S., have been met?
In sum, I am of the following opinion:
In light of s. 50.031, F.S., requiring the clerk of the court to attach a copy of the affidavit of proof of publication when the certificate of sale is filed and s. 45.031(3), F.S., requiring the clerk to file the certificate of sale promptly after the sale, it would be advisable for the clerk of court to possess the affidavit of proof of publication at the time the sale is conducted.
Section 45.031, F.S., provides, in pertinent part, a procedure for judicial sales as follows:
In any sale of real or personal property under an order or judgment, the following procedure may be followed as an alternative to any other sale procedure if so ordered by the court:
(1) SALE BY CLERK. — In the order or final judgment, the court shall direct the clerk to sell the property at public sale on a specified day that shall be not less than 20 days after the date thereof, on terms and conditions specified in the order or judgment. In cases when a person has an equity of redemption, the court shall not specify a time for the redemption, but the person may redeem the property at any time before the sale. Notice of sale shall be published once a week for 2 consecutive weeks in a newspaper of general circulation, as defined in chapter 50, published in the county where the sale is to be held. (e.s.) The second publication shall be at least 5 days before the sale. The notice shall contain: (a) A description of the property to be sold. (b) The time and place of sale. (c) A statement that the sale will be made pursuant to the order or final judgment. (d) The caption of the action. (e) The name of the clerk making the sale.
The clerk shall receive a service charge of $40 for his services in making, recording, and certifying the sale and title that shall be assessed as costs. The court may enlarge the time of the sale. Notice of the changed time of sale shall be published as provided herein.[1]
Thus, the clerk of the court is required to notice a judicial sale as prescribed in s. 45.031, F.S., in a newspaper of general circulation published in the county where the sale is to be held.
Section 50.031, F.S., prescribes those newspapers in which legal notices and process must be published before such notices are deemed to have been published in accordance with the statutes providing for such publication. Proof of such publication is made by affidavit of the publisher of the newspaper or the publisher's official representative.[2] Section 50.051, F.S., provides the printed form upon which all affidavits establishing proof of publication are to be executed.[3]
After a judicially ordered sale of property, the clerk is required to promptly file a certificate of sale and serve a copy of it on each party not in default.[4] Section 45.031(3), F.S., provides the form for the certificate of sale as follows:
CERTIFICATE OF SALE
The undersigned clerk of the court certifies that notice of public sale of the property described in the order or final judgment was published in ___, a newspaper circulated in ______County, Florida, in the manner shown by the proof of publication attached, and on ___, 19___, the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property was submitted by ___, to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the order or final judgment. WITNESS my hand and the seal of this court on ___, 19___. (e.s.)
(Clerk)
By(Deputy Clerk)
The plain language of the statute states that the proof of publication required by s. 50.031, F.S., must be attached to the certificate of sale filed by the clerk promptly after the sale. Failure to possess the affidavit of proof of publication at the time the sale is conducted could jeopardize the clerk's ability to comply with the statutory requirement of attaching such affidavit to the certificate of sale which must be filed promptly after the sale.
When a statute directs how a thing must be done, it is, in effect, a prohibition against its being done in any other manner.[5]
Furthermore, this office has previously stated that the clerk of the circuit court, although a constitutional officer, possesses only such powers as have been expressly or by necessary implication granted by statute.[6] Thus, the clerk's action must conform to the statutory direction as to how his duties are to be performed.
In light of the above, it is my opinion that at the time of a judicial sale, the clerk should have in his or her possession the uniform affidavit which serves as proof of publication of notice of such sale, in order to comply with the statutory requirement that the certificate of sale be filed promptly after the sale.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] The Legislature currently has before it House Bill 2461, which revises the requirements for newspapers in which legal and official advertisements may be published, amends the requirements for publication of various types of notice, and removes the requirement that such notices be published in a newspaper of paid circulation.
[2] See, ss. 50.031 and 50.041, F.S.
[3] NAME OF NEWSPAPER Published (Weekly or Daily) Town or City) (County) FLORIDA
STATE OF FLORIDA COUNTY OF __________: Before the undersigned authority personally appeared ___, who on oath says that he is ___ of the ___, a _________ newspaper published at ___ in ___ County, Florida; that the attached copy of advertisement, being a ___ in the matter of ___ in the ___ Court, was published in said newspaper in the issues of ___.
Affiant further says that the said ___ is a newspaper published at ___, in said ___ County, Florida, and that the said newspaper has heretofore been continuously published in said ___ County, Florida, each ___ and has been entered as second-class mail matter at the post office in ___, in said ___ County, Florida, for a period of 1 year next preceding the first publication of the attached copy of advertisement; and affiant further says that he has neither paid nor promised any person, firm or corporation any discount, rebate, commission or refund for the purpose of securing this advertisement for publication in the said newspaper. Sworn to and subscribed before me this ___ day of ___, A.D. 19___
(Notary Public) (SEAL)
[4] Section 45.031(3), F.S.
[5] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (when the Legislature has prescribed how a thing shall be done, it is, in effect, a prohibition against its being done in any other way).
[6] See, AGO's 80-93 and 78-95 (absent authorizing statute, clerk of the circuit court not authorized to enter into a contract to purchase insurance.) See also, Alachua County v. Powers,351 So.2d 32 (Fla. 1977), and Security Finance Co. v. Gentry, 109 So. 220,222 (Fla. 1926) (clerk's authority is entirely statutory, and his official action, to be binding upon others, must be in conformity with the statutes).