Honorable Robert E. Lockwood Clerk Circuit and County Courts
QUESTION:
1. Is the clerk of court required to accept voluntary fine payments, via the automated government service centers, in an amount greater than the amount mandated by statute?
2. When the public does not request a refund of such an overpayment, is it appropriate for the clerk to remit these funds to the county?
SUMMARY:
1. The clerk of court may not refuse to accept money voluntarily paid by the public when such amount is over and above the amount of a lawfully imposed fine.
2. Pursuant to s. 116.21, F.S., unclaimed moneys deposited or collected by the clerk of the court in his or her official capacity may be paid into the fine and forfeiture fund of the county.
I have been advised by your office that Broward County is considering buying and installing automated government service centers. These machines would allow the payment of fines at a number of sites and at additional times. Thus, a fine could be paid after business hours or on weekends at locations other than the courthouse. However, your questions arise because, while these machines accept dollar bills, they do not accept change nor do they give change or automatically refund any overpayment.
AS TO QUESTION 1:
The clerk of circuit court is a constitutional officer whose powers and duties are fixed by law.[1] While the clerk's powers are derived from constitutional and statutory provisions, these powers are limited to those which have been expressly granted.[2] If there is any doubt as to the existence of authority to do a particular thing, such authority should not be assumed.[3]
Section 34.191(1), F.S., provides that:
 All fines and forfeitures arising from offenses tried in the county court shall be collected and accounted for by the clerk of the court and deposited in a special trust account. All fines and forfeitures received from violations of ordinances or misdemeanors committed within a county, or of municipal ordinances committed within a municipality within the territorial jurisdiction of the county court, shall be paid monthly to the county or municipality respectively . . ..
Thus, the clerk is authorized to collect and account for fines and forfeitures and distribute these funds as statutorily prescribed.[4]
It is the general rule that provisions for the disposition of fines include such, and only such, exactions as are within their terms.[5] However, this does not preclude the public from voluntarily paying moneys to the county which are in addition to lawfully imposed fines or authorize the clerk to refuse to accept such payments.
Thus, in the absence of any statutory prohibition, it is my opinion that the clerk of court has no authority to refuse to accept voluntary payments of money made by the public to the county.
AS TO QUESTION 2:
Pursuant to s. 116.21(1), F.S., relating to the disposition of unclaimed moneys:
The sheriffs and clerks of the courts of the various counties of the state are authorized at their discretion on or before September 25 of each and every year hereafter to pay into the fine and forfeiture fund of their respective counties any or all unclaimed moneys deposited or collected by them in their official capacity, which unclaimed moneys came into their hands prior to January 1 of the preceding year and for which moneys claim has not been made.
The statute authorizes the clerk to compile a list of unclaimed moneys which were deposited or collected with him in his official capacity. This list shall include the name of the defendant and the respective amounts of such unclaimed moneys and shall be published one time during July in a newspaper of general circulation in the county. Included in the notice shall be a statement that unless such moneys are claimed on or before September 1 after publication they shall be declared forfeited to the county.[6]
Thus, s. 116.21, F.S., authorizes the clerk of court to remit unclaimed moneys which have been paid to him in his official capacity to the county fine and forfeiture fund.
[1] See, s. 5(c), Art. II, and s. 1(d), Art. VIII, State Const.; see also, s. 16, Art. V, State Const., and Alachua County v. Powers, 351 So.2d 32, 35 (Fla. 1977).
[2] See, Security Finance Company v. Gentry, 109 So. 220
(Fla. 1926); AGO 89-67.
[3] Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944).
[4] And see, s. 142.01, F.S. (1990 Supp.), which makes provision for a county fine and forfeiture fund as follows:
There shall be in every county of this state a separate fund to be known as the fine and forfeiture fund. Said fund shall consist of all fines and forfeitures collected in the county under the penal laws of the state . . . .And see, s. 116.01, F.S., which provides for the payment of county funds into the county treasury.
[5] 36A C.J.S. Fines s. 19.
[6] Section 116.21(2), F.S.