The Honorable Martha O. Haynie Orange County Comptroller Post Office Box 38 Orlando, Florida 32800
Dear Ms. Haynie:
You ask substantially the following question:
Does the confidentiality requirement of section 119.07(3)(i)1., Florida Statutes, apply to the Official Records identified in section 28.222, Florida Statutes?
In sum:
The Official Records are public records that are subject to the confidentiality provisions in section 119.07(3)(i)1., Florida Statutes, when confidentiality is requested pursuant to section119.07(3)(i)2., Florida Statutes. It is the clerk's responsibility, however, to devise a method to ensure the integrity of the Official Records while also maintaining the confidential status of information contained therein.
Section 28.222, Florida Statutes, provides in pertinent part:
"(2) The clerk of the circuit court shall record all instruments in one general series of books called "Official Records." He or she shall keep a register in which he or she shall enter at the time of filing the filing number of each instrument filed for record, the date and hour of filing, the kind of instrument, and the names of the parties to the instrument. The clerk shall maintain a general alphabetical index, direct and inverse, of all instruments filed for record.
* * *
(6) All instruments recorded in the Official Records books shall always be open to the public, under the supervision of the clerk, for the purpose of inspection thereof and of making extracts therefrom; but the clerk shall not be required to perform any service in connection with such inspection or making of extracts without payment of service charges as provided in s. 28.24."
Your question arises in light of the provisions of section119.07(3)(i)1., Florida Statutes, which states:
"The home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel . . . the home addresses, telephone numbers, social security numbers, photographs, and places of employment of the spouses and children of such personnel; and the names and locations of schools and day care facilities attended by the children of such personnel are exempt from the provisions of subsection (1). . . ."[1]
Subsection (2) of the statute requires an agency that is the custodian of the personal information specified above and is not the employer of the officer, to maintain the confidentiality of the personal information if the officer submits a written request for confidentiality to the custodial agency. You state that you have received letters from several law enforcement officers requesting you to maintain the confidentiality of the information specified in section 119.07(3)(i)1., Florida Statutes, that may be contained in the Official Records or copies thereof.
This matter is of particular concern when a law enforcement officer is a party to a real property transaction. Section695.26(1), Florida Statutes, prohibits the clerk from recording any instrument affecting real property unless the following information is included:
"(a) The name of each person who executed such instrument is legibly printed, typewritten, or stamped upon such instrument immediately beneath the signature of such person and thepost-office address of each such person is legibly printed, typewritten, or stamped upon such instrument[.]" (e.s.)
The question has arisen, therefore, whether the clerk is required to remove from the Official Records the address of a law enforcement officer who has requested such confidentiality pursuant to section 119.07(3)(i)1., Florida Statutes.
This office has consistently taken the position that the clerks of circuit court are ministerial officers whose authority and responsibility are derived from both constitutional and statutory provisions.[2] As in the case of the clerk exercising certain judicial functions, it has been determined that the clerk's authority is entirely statutory and that in order for action taken by the clerk to be binding, such action must be in conformity with the statute.[3] Clearly, the clerk of court is charged with recording certain documents in the Official Records, and is responsible for maintaining such records open to the public. "Official Records" are defined as "each instrument that the clerk of circuit court is required or authorized to record in the series of books called `Official Records' as provided for in s.28.222."[4] Moreover, in Chapter 28, Florida Statutes, "Public records" has the same meaning as in section 119.011, Florida Statutes, and specifically includes "each official record."[5]
This office recognizes the unique nature of the Official Records that are maintained by the clerk, in that the instruments contained therein must be a true and accurate reflection of the document that was recorded. The public relies upon the clerk's strict compliance with the statutory requirements for recording instruments and maintaining a general alphabetical index of all instruments filed for record. In instances where real property is concerned, this allows the public to be informed of any rights or liabilities that may affect the title of such property.
You ask whether the provisions in section 28.222(6), Florida Statutes, stating that the Official Records "always be open to the public," precludes the clerk from deleting any information that is made confidential or exempt by law. The Public Records Law, Chapter 119, Florida Statutes, however, contains similar declarations that public records be open to the public,[6] and, therefore, such language would not appear to be dispositive.
As noted above, the Official Records are a part of the public record. While there is a great public interest in providing unencumbered access to the Official Records in order to ensure the accuracy of real estate transactions, the Legislature has provided an exemption for certain information relating to law enforcement officers contained in public records. No exception from this exemption exists for documents contained in the Official Records, and this office has no authority to create such an exception. In contrast, the Legislature, in requiring the clerk of court to record death certificates in the Official Records, specifically allows only those death certificates in which information made confidential elsewhere in the Florida Statutes has been excluded to be recorded in the Official Records.[7]
Due to the significant impact on the clerk's responsibility to maintain the Official Records, you may wish to seek a more definitive statement from the courts through a declaratory judgment. Moreover, given the unique position that the Official Records play in affording protection to the rights of individuals in real property transactions, this matter should be brought before the Legislature in order to obtain a clear articulation of its intent regarding access to these records.
Nothing in the Public Records Law or the statutes governing the duties of the clerk authorizes the clerk to alter or destroy Official Records. However, the statute does impose a duty on the clerk to prevent the release of confidential material that may be contained in the Official Records. This would also be applicable when the clerk is releasing copies of the Official Records by any means, such as via the Internet. Moreover, there is nothing that precludes the clerk from altering reproductions of the Official Records to protect confidential information. The manner in which this is to be accomplished rests within the sound discretion of the clerk and this office cannot prescribe a single method that would be acceptable.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 119.07(1)(a), Fla. Stat., requires every person who has custody of a public record to permit it to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian, and directs the custodian to furnish a copy of the record upon payment of the fee prescribed by law or, in the absence of a prescribed fee, the actual cost of duplication.
[2] See, Ops. Att'y Gen. Fla. 79-70 (1979) and 86-38 (1986). Seealso, Alachua County v. Powers, 351 So.2d 32, 35 (Fla. 1977).
[3] See, Security Finance Co. v. Gentry, 109 So. 220, 222 (Fla. 1926). And see, Op. Att'y Gen. Fla. 79-70 (1979).
[4] Section 28.001(1), Fla. Stat.
[5] Section 28.001(2), Fla. Stat.
[6] See, e.g., ss. 119.01(1) (all state, county, and municipal records shall be open for personal inspection by any person) and119.07(1)(a) (custodian of public record shall permit inspection and examination by any person at any reasonable time and under reasonable conditions). And see, Art. I, s. 24(a), Fla. Const., providing that "[e]very person has the right to inspect or copy any public record. . . ." Cf., s. 99.095(1), Fla. Stat. (the voter registration books are public records; "[e]very citizen is allowed to examine the registration books while they are in the custody of the supervisor"). This office has been advised that the county supervisor of elections has honored requests to keep home addresses of law enforcement personnel confidential.
[7] Section 28.222(3)(g), Fla. Stat.
[8] Cf., Op. Att'y Gen. Fla. 84-81 (1984) (custodian of record containing both exempt and nonexempt material may comply with the Public Records Law by any reasonable method which maintains and does not destroy the exempted portion, while allowing public inspection of the nonexempt portion).