Dear Mr. Boyd:
On behalf of several Florida Clerks of Court, you have asked for my opinion on substantially the following questions:
1. Pursuant to section 28.246(6), Florida Statutes, is a clerk of court authorized to charge a fee to the collection agent or attorney for support services provided by the clerk when an unpaid amount owed to the clerk is referred to an agent for collection?
2. If so, may the court clerk charge such fee on an hourly basis, set fee basis, or a percentage basis, so long as the fee is reasonable?
The Florida Clerks of Court Operations Corporation has been created by the Legislature to accomplish a number of statutorily identified goals, including "[r]ecommending to the Legislature changes in the various court-related fines, fees, service charges, and court costs established by law to ensure reasonable and adequate funding of the clerks of the court in the performance of their court-related functions."[1] The corporation is a public corporation whose members include all the clerks of the circuit court in Florida. The corporation is designated a political subdivision of the state, exempt from corporate income tax and not subject to the procurement provisions of Chapter 287, Florida Statutes. As the statutory body involved in advocating changes to legislation on behalf of the clerks of court, you have requested this office's consideration of these questions.
Question One
The clerk of the circuit court is a constitutional officer deriving his or her authority and responsibility from both constitutional and statutory provisions.[2] Although the clerk is a constitutional county officer, his powers are limited to those which have been expressly granted or are necessary to give effect to those powers expressly granted.[3]
Section 28.246, Florida Statutes, provides for the payment of court-related fees, charges, and costs. Clerks of the circuit court are required by the statute to report information relating to the collection and payment of court-related fees and costs to the Legislature and the Florida Clerks of Court Operations Corporation.[4] Pursuant to section28.246(3), Florida Statutes,
"Court costs, fines, and other dispositional assessments shall be enforced by order of the courts, collected by the clerks of the circuit and county courts, and disbursed in accordance with authorizations and procedures as established by general law."
The statute authorizes the clerk to accept partial payments for court-related fees, service charges, costs, and fines in accordance with a payment plan and a service charge or a one-time administrative processing service charge may be assessed for this payment plan.[5]
The statute allocates partial payments to a prioritized payment list, designating how partial payments shall be allocated and remitted.[6]
Section 28.246(6), Florida Statutes, provides:
"A clerk of court may pursue the collection of any fees, service charges, fines, court costs, and liens for the payment of attorney's fees and costs pursuant to s. 938.29 which remain unpaid for 90 days or more or refer the account to a private attorney who is a member in good standing of The Florida Bar or collection agent who is registered and in good standing pursuant to chapter 559. In pursuing the collection of such unpaid financial obligations through a private attorney or collection agent, the clerk of the court must have attempted to collect the unpaid amount through a collection court, collections docket, or other collections process, if any, established by the court, find this to be cost-effective and follow any applicable procurement practices. The collection fee, including any reasonable attorney's fee, paid to any attorney or collection agent retained by the clerk may be added to the balance owed in an amount not to exceed 40 percent of the amount owed at the time the account is referred to the attorney or agent for collection."
Nothing in this section authorizes the clerk of court to bill the private attorney or the collection agent, who has been selected to pursue collection of these moneys, for administrative services provided by the clerk's office. It is the general rule that public officers have no legal claim for official services rendered and that rendition of such services is deemed to be gratuitous, except when and to the extent that compensation is provided by law.[7]
Section 28.35(4)(a), Florida Statutes, contains a limited list of court-related functions that clerks may fund from filing fees, service charges, court costs, and fines. This list is usually referred to as the "standard list."[8] The statute authorizes the clerk to fund "reasonable administrative support costs to enable the clerk of the court to carry out these court-related functions." The "collection and distribution of fines, fees, service charges, and court costs" are court-related functions that may be funded from the moneys available to the clerk from filing fees, service charges, court costs, and fines. Thus, it would appear that the clerk may also use these moneys to fund collection of fines and fees for administrative services provided by the clerk after a matter has been referred to a collection agency.
In light of the language of sections 28.246 and 28.35, Florida Statutes, it is my opinion that the clerk of court is not authorized to charge a fee to the collection agent or attorney for support services provided by the clerk when an unpaid amount owed to the clerk is referred to an agent for collection. Rather, any administrative support costs incurred by the clerk after referring unpaid fines and fees for collection should most appropriately be paid from "filing fees, service charges, court costs, and fines" as provided in section 28.35(4)(a), Florida Statutes.
Question Two
In light of my response to Question One, no discussion of your second question is required.
[1] Section 28.35(2)(c), Fla. Stat.
[2] See Art. VIII, s. 1(d), Fla. Const. And see Art. V, s. 16, Fla. Const., which provides:
 "There shall be in each county a clerk of the circuit court who shall be selected pursuant to the provisions of Article VIII section 1. Notwithstanding any other provision of the constitution, the duties of the clerk of the circuit court may be divided by special or general law between two officers, one serving as clerk of court and one serving as ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds."
[3] See generally Security Finance Company v. Gentry, 109 So. 220
(Fla. 1926); Op. Att'y Gen. Fla. 78-95 (1978); Inf. Op. to The Honorable Charlie Green dated May 14, 1997.
[4] See s. 28.246(1), Fla. Stat.
[5] Sections 28.246(4) and (5), Fla. Stat.
[6] Sections 28.246(5)(a) — (d), Fla. Stat., allocates funds as follows: fines remitted to the state for deposit into the General Revenue Fund are paid first, that portion of fees, service charges, court costs, and fines that are retained by the clerk of the court or deposited into the clerk's trust fund receive secondary priority; fines and fees payable to state trust funds must be allocated on a pro rata basis among those funds; that portion of the fees and service charges payable to counties, municipalities, or other local entities, must be allocated on a pro rata basis among the various authorized recipients if the total collection is insufficient to fully fund all the recipients.
[7] See, e.g., Gavagan v. Marshall, 33 So. 2d 862 (Fla. 1948);Rawls v. State, 122 So. 222 (Fla. 1929).
[8] See Op. Att'y Gen. Fla. 06-01 (2006), discussing the "standard list" of court-related functions and concluding that payment of prisoners for work performed for the county would not appear to fall within the scope of those "court-related functions."