717 So.2d 85 (1998)
ESCAMBIA COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Matt Langley BELL, III, Appellee.
No. 97-4363.
District Court of Appeal of Florida, First District.
August 3, 1998.
Rehearing Denied September 11, 1998.
*86 Gregory T. Stewart, Maureen McCarthy Daughton and Virginia Saunders Delegal, of Nabors, Giblin & Nickerson, Tallahassee; David G. Tucker, County Attorney; Nancy Stuparich, Assistant County Attorney, Pensacola, for Appellant.
Kenza van Assenderp, of Young, van Assenderp & Varnadoe, P.A., Tallahassee, for Appellee.
PER CURIAM.
This case stems from a declaratory judgment action brought by appellant Escambia County when a dispute arose over the Escambia County Tax Collector's duties with regard to placing the County's special assessment for fire protection on the annual tax notice pursuant to the uniform collection method contained in section 197.3632, Florida Statutes. The County appeals from a final order of summary judgment, which denied the County's motion for summary judgment and granted summary judgment in favor of appellee. We reverse.
In 1986 Escambia County created a municipal service benefit unit and imposed a special assessment on the benefitted properties within the unit to fund fire protection services. See 197.3632(1)(d), Fla. Stat. (defining "special assessment"). The County mailed the special assessment bills for fiscal year 1986-1987 [1] in March 1987. In subsequent years through the 1995-1996 fiscal year, the County annually adopted similar ordinances and collected the assessment via a March mailing.
In 1995 the County decided to use the statutory uniform collection method contained in section 197.3632, Florida Statutes, to collect the fire protection special assessment for fiscal year 1996-1997 and initiated the appropriate procedures pursuant to section 197.3632 and Florida Administrative Code Chapter 12D-18. The uniform collection statute prescribes the procedures that a local government must follow if it elects to have its non-ad valorem assessments collected *87 on the annual tax notice, which is usually issued by the county tax collector in November. See §§ 197.102(4),.322, Fla. Stat. A dispute arose, however, when the Tax Collector raised questions regarding whether the special assessment could be collected on the November 1996 annual tax notice. As a result, the County elected not to use the section 197.3632 procedure that year, but in response to one of the Tax Collector's concerns, the County changed its collection schedule by billing for the special assessment for the 1996-1997 fiscal year in December 1996 rather than March 1997.
The County then timely initiated the statutory procedures for collection of the special assessment for the 1997-1998 fiscal year on the November 1997 tax notice pursuant to the section 197.3632 procedures. Because of the continuing dispute with the Tax Collector regarding placement of the non-ad valorem assessment on the annual tax notice, however, the County also filed a complaint seeking a declaratory judgment and requesting a writ of mandamus directed to the Tax Collector in his official capacity to collect the special assessment in the November 1997 tax notice. The question directed to the lower court was whether the Tax Collector could refuse to place the special assessment on the tax notice when the County had complied with all requirements of section 197.3632 for collection of the special assessment on the annual tax notice. The parties entered into a stipulation of law and facts in which the parties agreed, among others, (1) that the County has authority to impose the special assessment, (2) that the County is authorized to use the uniform collection method contained in section 197.3632, and (3) that the County had complied with "[a]ll provisions of Section 197.3632, Florida Statutes, and Rule 12D-18, F[lorida] A[dministrative] C[ode], required to place the fire non-ad valorem assessment on the 1997-1998 ad valorem tax bill."
Both parties moved for summary judgment on the issue of whether the Tax Collector was required under the uniform collection statute to put the County's non-ad valorem special assessment for fire protection for fiscal year 1997-1998 on the November 1997 tax notice. The court denied the County's motion and entered final summary judgment for the Tax Collector. In its written order, the court noted the Tax Collector's concerns regarding the appropriateness of collecting the fire protection non-ad valorem assessment via the tax notice: that the assessment was based upon the budgetary requirements of services not yet provided to the property subject to the assessment, that the assessment may not be constitutionally lienable, and that the County could not collect its fiscal-year budgeted assessment through the tax notice, which collects ad valorem taxes in arrears pursuant to a calendar-year methodology. The court concluded that "the Tax Collector's refusal to place the non-ad valorem assessments on the Tax Notice is not based upon the failure of the County to comply with any requirement [in section 197.3632 and Rule 12D-18]." The court held, however, that "the right to place and collect such non-ad valorem assessments on the ad valorem Tax Notice by the Tax Collector is not absolute" and "the Tax Collector has no duty or obligation to include the non-ad valorem assessment at issue in this case on the Tax Notice."
On appeal, the County contends, as it did below, that the Tax Collector was not entitled to summary judgment because he lacked any discretion to refuse to collect the special assessment on the tax notice. Rather, it was the Tax Collector's ministerial duty to place the special assessment on the tax notice upon the County's compliance with all applicable statutory and regulatory requirements. Appellee Tax Collector argues that he does not have to collect the special assessment on the annual tax notice for the same reasons presented above, which were noted in the court's written order.
Article VIII, section 1(d) of the Florida Constitution indicates that the duties of public officers, such as the Tax Collector in this case, are prescribed by general law, and both parties agree that the Tax Collector only has such authority as is clearly conferred by statute or is necessarily implied from express statutory powers or duties. See White v. Crandon, 116 Fla. 162, 156 So. 303, 305 (1934)("The authority of public officers to proceed in a particular way or only upon *88 specific conditions implies a duty not to proceed in any manner other than that which is authorized by law."); Gessner v. Del-Air Corp., 154 Fla. 829, 17 So.2d 522 (1944); Op. Att'y Gen. Fla. 78-135 (1978)("The tax collectors, like the other county officers, are constitutional officers whose duties are imposed by, and their powers derived from, statutes."); Op. Att'y Gen. Fla. 78-94 (1978); Op Att'y Gen. Fla. 78-77 (1978). A corollary to this rule is that "where there is doubt as to the existence of authority, it should not be assumed." White, 156 So. at 305. See Op. Att'y Gen. Fla. 82-95 (1982) ("Moreover, while an express power duly conferred may include implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred.").
Section 197.3632 prescribes the procedures with which the County must comply if it elects to use the uniform method of collection of its non-ad valorem assessment on the annual tax notice. See § 197.3632(3), (9), Fla. Stat. The statute, however, does not invest the Tax Collector with any discretion with regard to collecting the special assessment on the annual tax notice once the County elects to use this statutory uniform method for collection and complies with the statute's requirements. Rather, a tax collector's duty under section 197.3632 is wholly ministerial at that point, a conclusion confirmed by Florida Administrative Code Rule 12D-18.001, which implements section 197.3632. The rule explains that
[i]t is the duty of the local government to determine, under law, whether an assessment levy is constitutional and may be collected as a lien. The duties of the property appraisers and tax collectors under section 197.3632, Florida Statutes, are ministerial and shall not be construed to authorize any levy.
A ministerial duty is "`some duty imposed expressly by law, not by contract or arising necessarily as an incident to the office, involving no discretion in its exercise, but mandatory and imperative.'" State ex re. Allen v. Rose, 123 Fla. 544, 167 So. 21, 22-23 (1936).
Accordingly, the Tax Collector's contention in this case that the County must comply with his requirement that the County adjust its budget to address his concerns regarding calendar-year billing and lienability is erroneous. Neither in his brief nor in response to close questioning at oral argument was the Tax Collector able to point to any statute authorizing him either to determine the constitutionality of any lien that may result from nonpayment of the assessment if it were collected on the annual tax notice or to impose additional requirements on the County before the County's assessment may be placed on the annual tax notice. In addition, at oral argument the Tax Collector conceded that the issue between the County and the Tax Collector would be resolved if the County would alter its billing of the assessment to avoid the problem of two assessment bills, albeit for different fiscal years, being sent in the same calendar year. The County, however, addressed this concern of the Tax Collector before the underlying action in this case was filed. The County billed the assessment for the 1996-1997 fiscal year in December 1996, rather than in March 1997. Thus, the special assessment would only have been collected once in the 1997 calendar year had it appeared on the November 1997 annual tax notice as requested by the County for the 1997-1998 fiscal year.
We understand that the Tax Collector's objections to use of the annual tax notice for collection of the special assessment were motivated by his concerns for the property owners in Escambia County subject to the County's special assessment. Nevertheless, the Tax Collector acting in his official capacity has the ministerial duty of placing the County's assessment in this case on the annual tax notice upon the County's compliance with the uniform collection procedures contained in section 197.3632 and Florida Administrative Code Chapter 12-18. The Tax Collector has no authority to refuse that duty based on his own determinations of the legality of the assessment or the constitutionality of any lien resulting from nonpayment of the assessment.
Accordingly, we reverse the final order of summary judgment entered in this case and *89 remand with directions that the trial court enter summary judgment in favor of the County.
MINER, WOLF and DAVIS, JJ., concur.
NOTES
[1] By statute, county budgets are based on a fiscal year that runs from October 1 through September 30. § 129.04, Fla. Stat.