The Honorable Janet Holley Escambia County Tax Collector Post Office Box 1312 Pensacola, Florida 32596
Dear Ms. Holley:
You ask substantially the following question:
May the tax collector enforce delinquent first lien non-ad valorem special assessments levied by a municipality against property owned by another governmental entity in a manner other than selling tax certificates and tax deeds?
In sum:
The tax collector may not enforce delinquent non-ad valorem assessments levied by a municipality in a manner other than selling tax certificates and tax deeds, when the municipality's governing body has adopted the uniform methods for the levy, collection and enforcement of special assessments under section 197.3632, Florida Statutes.
You state that a storm water special assessment was properly levied by a municipality, with no exemption provided for governmental entities. According to the information you have provided, there is no issue as to the applicability of the special assessment to other governmental entities.
Section 197.363, Florida Statutes, allows the property appraiser the option to collect special assessments collected pursuant to this section prior to January 1, 1990, in the same manner after January 1, 1990. However, any local government collecting non-ad valorem assessments pursuant to section 197.363 on January 1, 1990, may elect to collect such assessments under the provisions of section 197.3632, Florida Statutes.[1] If the local government elects to collect non-ad valorem assessments pursuant to section 197.3632, it must notify the property appraiser, the tax collector and the Department of Revenue in writing and comply with the requirements of that section regarding a written agreement for reimbursement of necessary administrative costs incurred by the property appraiser and tax collector and the certification requirements provided therein.[2]
The materials you have provided indicate that section 197.3632, Florida Statutes, is the "normal" procedure utilized by your office to collect delinquent special assessments. Section 197.3631, Florida Statutes, provides that non-ad valorem assessments[3] may be collected pursuant to the method provided in sections 197.3632 and 197.3635. It states that such assessments "may also be collected pursuant to any alternative method which is authorized by law, but such alternative method shall not require the tax collector or property appraiser to perform those services provided in ss. 197.3632 and 197.3635."
The term "by law" means as passed "by an act of the legislature."[4]
Thus, the Legislature has directed that alternative methods of collecting such assessments must be authorized by law, i.e., by legislative authorization. For example, section 190.022, Florida Statutes, authorizes community development districts to levy special assessments for the construction, reconstruction, acquisition, or maintenance of district facilities "using the procedures for levy and collection provided in chapter 170 or chapter 197." Section 170.10, Florida Statutes, empowers the governing authority of a municipality to institute legal proceedings to enforce the payment of delinquent special assessments and, in the event of such proceedings, makes the property subject to foreclosure.
Municipalities have several options in the levy, enforcement and collection of special assessments.[5] Section 197.3632, Florida Statutes, authorizes a local government with the authority to impose a non-ad valorem assessment to use the method prescribed therein for the levy, collection, and enforcement of non-ad valorem assessments. Subsection (3)(a) of the statute provides:
"Notwithstanding any other provision of law to the contrary, a local government which is authorized to impose a non-ad valorem assessment andwhich elects to use the uniform method of collecting such assessment forthe first time as authorized in this section shall adopt a resolution at a public hearing prior to January 1 or, if the property appraiser, tax collector, and local government agree, March 1. The resolution shall clearly state its intent to use the uniform method of collecting such assessment. . . ." (e.s.)
Subsection (8)(a) of section 197.3632, Florida Statutes, further states that non-ad valorem assessments collected pursuant to this section "shall be subject to all collection provisions of this chapter, including . . . issuance and sale of tax certificates and tax deeds for nonpayment." Moreover, when a tax certificate has been sold, the lien created "may not be enforced in any manner except as prescribed in this chapter."[6]
When the Legislature has prescribed the manner in which something is to be done, it effectively operates as a prohibition against its being done in any other manner.[7]
A county tax collector, like other county officers, is a constitutional officer who possesses only such powers and duties as are granted or imposed by law and, in addition, falls within the category of a county administrative officer whose powers and duties must also be prescribed by statute.[8] Accordingly, when the governing body of a municipality has adopted the uniform method for the levy, collection and enforcement of special assessments under section 197.3632, Florida Statutes, the tax collector may not use alternative methods for the collection of delinquent assessments.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 197.363(1), Fla. Stat.
[2] Id. Section 197.3632(2), Fla. Stat., states:
"A local governing board shall enter into a written agreement with the property appraiser and tax collector providing for reimbursement of necessary administrative costs incurred under this section. Administrative costs shall include, but not be limited to, those costs associated with personnel, forms, supplies, data processing, computer equipment, postage, and programming."
Section 197.3632(5), Fla. Stat., provides:
"By September 15 of each year, the chair of the local governing board or his or her designee shall certify a non-ad valorem assessment roll on compatible electronic medium to the tax collector. The local government shall post the non-ad valorem assessment for each parcel on the roll. The tax collector shall not accept any such roll that is not certified on compatible electronic medium and that does not contain the posting of the non-ad valorem assessment for each parcel. It is the responsibility of the local governing board that such roll be free of errors and omissions. Alterations to such roll may be made by the chair or his or her designee up to 10 days before certification. If the tax collector discovers errors or omissions on such roll, he or she may request the local governing board to file a corrected roll or a correction of the amount of any assessment."
[3] Section 197.3632(1)(d), Fla. Stat., defines "[n]on-ad valorem assessment" as "only those assessments which are not based upon millage and which can become a lien against a homestead as permitted in s. 4, Art. X of the State Constitution."
[4] See, Broward County v. Plantation Imports, Inc., 419 So.2d 1145,1148 (Fla. 4th DCA 1982).
[5] See, Chapters 170 and 173 and s. 197.3632, Fla. Stat.
[6] Section 197.432(2), Fla. Stat. See, Op. Att'y Gen. Fla. 97-51 (1997) (provisions of Ch. 197, Fla. Stat., are the exclusive method for enforcing liens created through the sale of tax certificates for unpaid ad valorem taxes and special assessments). And see, Rules 12D-18.010, Fla. Admin. Code, (non-ad valorem assessments are to be treated in the same manner as ad valorem taxes for purposes of collection and enforcement) and 12D-13.011, Fla. Admin. Code.
[7] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v.Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976). Cf., Rule 12D-13.045(1), Fla. Admin. Code (tax collector "shall" sell tax certificates on all lands where ad valorem taxes are delinquent) and Escambia County v. Bell, 717 So.2d 85
(Fla. 1st DCA 1998) (when governmental entity elects to use s. 197.3632, Fla. Stat., and complies with its terms, tax collector has no discretion in collection).
[8] See, s. 5(c), Art. II and s. 1(d), Art. VIII, Fla. Const.; Op. Att'y Gen. Fla. 82-95 (1982) (county tax collectors of this state have no common law powers and authority to expend funds for the purpose under consideration must be expressly or impliedly granted by statute).